**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38230**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2011 Opinion No. 71** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: December 7, 2011** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| KURT A. SMITH, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction for trafficking in marijuana in excess of one pound, <u>affirmed</u>.

Larry D. Purviance, Hayden, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Kurt A. Smith appeals from his judgment of conviction for trafficking in marijuana in excess of one pound. Specifically, Smith challenges the district court's order denying his motion to suppress. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

A police officer responding to a domestic dispute learned that the suspect had fled the scene on foot into a sparsely-populated, wooded area. While the officer was searching for the suspect, he came across a car parked in a large pull-out area at the end of a road. When the officer flashed his spotlight toward the car, a man later identified to be Smith exited and walked toward the officer's patrol car. As Smith approached, the officer ascertained that Smith did not match the description of the domestic violence suspect. The officer began conversing with Smith about whether he had seen the domestic violence suspect and eventually asked Smith for

1

identification. Smith agreed to give the officer his identification, but stated that it was in his car. The officer followed Smith as he returned to his car to get his identification. Smith got into the driver's side door, while the officer walked to the passenger side. The officer looked through the window and saw a marijuana pipe sitting on the front seat of the car. The officer asked Smith how much marijuana was in the car. Smith grabbed the pipe and stated that it was the only illegal thing in the vehicle.

Smith had a large dog in the back of the car that was growling at the officer. The officer asked Smith to remove and restrain the dog so that he could search the interior of the car. Smith grabbed a backpack from the car and used its straps to take the dog from the car. The officer, who noticed the car was filled with camping gear, asked Smith if he had anything else that he could use to restrain his dog, but Smith ignored his question and continued to use the backpack. With the dog restrained, the officer proceeded to search the vehicle. On the passenger seat, he found a zippered case which contained a tin with a small amount of marijuana inside. The officer then told Smith to place the dog back into the vehicle. Smith put the dog back in the car but continued to clutch the backpack. The officer asked Smith why he was so attached to the backpack and, when Smith did not respond, the officer asked Smith to hand over the backpack. The backpack was partially open and the officer found a square object wrapped in duct tape inside. When the officer asked Smith what the object contained, Smith told the officer to open it and find out. The object contained marijuana and the officer found additional marijuana elsewhere in the backpack.

Smith was charged with trafficking in marijuana in excess of one pound, I.C. § 37-2732B(a)(1)(A), and possession of drug paraphernalia, I.C. § 37-2734A(1). Smith filed a motion to suppress the evidence found in the backpack, arguing the warrantless search was unlawful. After a hearing, the district court denied Smith's motion to suppress. The district court found that the officer had probable cause to arrest Smith at the time of the search and, therefore, the search was justified as a search incident to arrest. Smith was found guilty by a jury of both counts and was sentenced to a unified term of six years, with a minimum period of confinement of one and a half years, for trafficking in marijuana in excess of one pound and a concurrent term of 180 days for possession of drug paraphernalia. Smith appeals, challenging the denial of his motion to suppress as to his judgment of conviction for trafficking in marijuana in excess of one pound.

## II.

## ANALYSIS

Smith argues that the district court erred in denying his motion to suppress. Specifically, Smith asserts that the search of the backpack violated his Fourth Amendment right against unreasonable searches and seizures because the officer did not have a warrant for the search and the search did not fall into any exception to the warrant requirement. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The state may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* Search of a vehicle incident to lawful arrest is among the well-recognized exceptions to the Fourth Amendment's warrant requirement. *Chimel v. California*, 395 U.S. 752, 762-63 (1969); *State v. McIntee*, 124 Idaho 803, 804, 864 P.2d 641, 642 (Ct. App. 1993). However, authorities may only search a vehicle incident to arrest when it is reasonable to believe the vehicle contains evidence of the crime of arrest or when the arrestee is within reaching distance of the passenger compartment at the time of the search. *Arizona v. Gant*, 556 U.S. 332, ___, 129 S. Ct. 1710, 1723-24 (2009). This exception derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations. *Gant*, 556 U.S. at ___, 129 S. Ct. at 1716.

The district court applied the *Gant* search of a vehicle incident-to-arrest exception in this case. The district court found that, because the officer had probable cause to arrest Smith at the time of the search, the *Gant* exception applied. On appeal, Smith argues that the search incident-to-arrest exception should not apply in his case because he was not formally arrested at the time

3

the search took place. The state argues that the search of Smith's backpack falls into the search incident-to-arrest exception to the warrant requirement because, even though Smith was not formally arrested at the time of the search, the officer had probable cause to arrest Smith at the time he searched the backpack.

We begin by noting that Smith objects to the search of the backpack and not to the search of the interior of the vehicle. At the time the officer searched the backpack, it was not physically within the interior compartment of the vehicle. The backpack was, however, part of the contents of the car and the officer watched Smith remove the backpack from the car's back seat. Under these circumstances, it is immaterial that the search of the backpack occurred outside the vehicle's compartment because the backpack was part of the original contents of the car and the officer saw Smith remove it. Therefore, we will treat the search of the backpack as we would a search of the car's interior and contents.

We recognize that, unlike in *Gant*, Smith was not formally arrested until after the search of the backpack occurred. We must determine, therefore, whether the search incident-to-arrest exception to the warrant requirement laid out in *Gant* applies to a search of vehicle which takes place prior to a suspect's formal arrest. This is a matter of first impression in Idaho. In *Rawlings v. Kentucky*, 448 U.S. 98 (1980), the United States Supreme Court addressed this question in regard to the warrantless search of a person. The Court held that a suspect need not be formally arrested prior to a search of his or her person as long as probable cause for the suspect's arrest existed at the time of the search. *Id.* at 111. So long as the search and the arrest are substantially contemporaneous, and the fruits of the search are not required to establish probable cause for the arrest, the search need not precisely follow the arrest in order to be incident to that arrest. *State v. Johnson*, 137 Idaho 656, 662, 51 P.3d 1112, 1118 (Ct. App. 2002). Idaho cases which have applied *Rawlings* have applied it to searches of a suspect's person, not of a vehicle. *See State v. Chapman*, 146 Idaho 346, 351, 194 P.3d 550, 555 (Ct. App. 2008); *State v. Gibson*, 141 Idaho 277, 282, 108 P.3d 424, 429 (Ct. App. 2005); *State v. Robertson*, 134 Idaho 180, 186, 997 P.2d 641, 647 (Ct. App. 2000). We recognize that the search of the backpack could be viewed as a search of Smith's person. If so, the search would be permissible because the officer had probable cause to arrest Smith prior to the search of the backpack and arrest followed immediately after the search. This, alone, is sufficient to permit the search of the backpack.

4

The United States Court of Appeals for the District of Columbia has applied *Rawlings* to a case involving a warrantless search of a vehicle incident to arrest. *See United States v. Powell*, 483 F.3d 836, 839 (D.C. Cir. 2007). In *Powell*, officers came across two men urinating behind a parked car. Two officers approached the men with the intent of arresting them for public urination. Another officer, who had seen a third person sitting in the passenger seat of the car, went to the vehicle. The officer saw three clear cups in the car containing a yellow liquid which smelled like alcohol. The officer directed the passenger, later identified as Powell, to get out of the car with the intention of arresting him for possession of an open container of alcohol in a vehicle upon a public way. The officer then conducted a search of the vehicle and found a bottle of alcohol and a handgun. Powell was subsequently arrested and charged with being a felon in possession of a firearm. Powell filed a motion to suppress the evidence found in the vehicle. Powell's motion was denied, and he was subsequently convicted and appealed. On appeal, the court, citing to *Rawlings*, held the search of the vehicle was valid because the officers had probable cause to arrest Powell prior to the search of the vehicle and the formal arrest occurred immediately after the search. *Powell*, 483 F.3d at 839.

Based on *Rawlings* and *Powell*, we perceive no reason to treat the search of a vehicle incident to arrest differently from a search of a person incident to arrest with regard to the timing of the formal arrest. In this case, the marijuana found in Smith's backpack was not necessary to establish probable cause for his arrest. The officer had probable cause to arrest Smith for possession of drug paraphernalia prior to the search of the backpack because the officer saw a marijuana pipe on the passenger seat of Smith's car. In addition, Smith's formal arrest occurred immediately after the search of the backpack. Accordingly, although Smith was not formally arrested prior to the search of the backpack, this does not prevent the search of a vehicle incident-to-arrest exception to the warrant requirement laid out in *Gant* from applying in this case.

Under the second prong of *Gant*, it was reasonable for the officer to believe that Smith's backpack contained evidence of the crime of arrest. The officer saw drug paraphernalia associated with the use of marijuana in plain sight on the front seat of Smith's car. At the motion to suppress hearing, the officer stated that, in his experience, when he finds a marijuana pipe there are often drugs as well. In addition, the officer testified that his suspicions were aroused by Smith's statement that the pipe was the only illegal thing in the car. Smith's actions in using the

backpack to leash his dog and continuing to hug it after the dog was placed back into the car, Smith's failure to answer the officer's direct questions concerning the backpack, and Smith's nervous demeanor provided the officer with a reasonable belief that the backpack contained evidence of the crime of Smith's arrest. Therefore, we hold that the officer had reasonable suspicion to believe, under *Gant*, that Smith's backpack contained evidence of the crime of his arrest. Accordingly, the district court did not err in denying Smith's motion to suppress on these grounds.

We note that the search of Smith's backpack was also justified by another exception to the warrant requirement. The automobile exception to the warrant requirement authorizes a warrantless search of a vehicle when there is probable cause to believe the vehicle contains contraband or evidence of criminal activity. *United States v. Ross*, 456 U.S. 798, 824 (1982). In *Ross,* an informant told officers that an individual was selling drugs out of the trunk of his car. The informant gave the officers a description of the man and his car. Based on this information, the officers stopped Ross's vehicle and asked Ross to exit the car. The officers then searched the interior of the car and found a bullet on the front seat and a pistol in the glove box. Ross was then arrested. The officers continued their search of the vehicle and eventually found a large quantity of cocaine and money in the trunk of the car. Prior to trial, Ross moved to suppress the drugs and money. Ross's motion was denied and eventually he was convicted.

The Court noted that, based on the detailed accuracy of the informant's tip, the officers had probable cause to search Ross's entire vehicle. The Court went on to hold that an individual's expectation of privacy in a vehicle and its contents may not survive if there is probable cause to believe that the vehicle is transporting contraband. *Ross*, 456 U.S. at 823. If probable cause justifies the search of a lawfully-stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *Id*. at 825. The scope of a warrantless search of an automobile is not defined by the nature of the container in which the contraband is secreted. *Id*. at 824. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found. *Id*.

The Idaho Supreme Court has applied the exception to the warrant requirement laid out in *Ross* to warrantless searches of automobiles. *State v. Gallegos*, 120 Idaho 894, 821 P.2d 949 (1991). The police were investigating Gallegos for possible involvement with drug trafficking. After following Gallegos for several days, officers determined that he had engaged in a drug

6

transaction and decided to stop Gallegos' vehicle. The officers ran a drug dog around the vehicle Gallegos was driving. When the dog alerted, the officers conducted a search of the car and discovered cocaine. The officers did not have a search warrant. The Court determined that the police had probable cause as soon as the dog alerted on the rear of the vehicle and therefore it was proper for the officers to search the car and its contents without a warrant. *Id.* at 898, 821 P.2d at 953. This Court has also recently held, citing *Gallegos*, that police officers may search an automobile and the containers within it when they have probable cause to believe that the automobile contains contraband or evidence of a crime. *See State v. Newman*, 149 Idaho 596, 599, 237 P.3d 1222, 1225 (Ct. App. 2010).

Whether the search was incident to Smith's arrest or pursuant to the automobile exception, probable cause is required. Probable cause is not measured by the same level of proof required for conviction. *State v. Fry*, 122 Idaho 100, 102, 831 P.2d 942, 944 (Ct. App. 1991). Rather, probable cause deals with the factual and practical considerations on which reasonable and prudent persons act. *Brinegar v. United States*, 338 U.S. 160, 175 (1949); *State v. Julian,* 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). When reviewing an officer's actions, the court must judge the facts against an objective standard. *Julian,* 129 Idaho at 136, 922 P.2d at 1062. That is, would the facts available to the officer, at the moment of the seizure or search, warrant a reasonable person in holding the belief that the action taken was appropriate. *Id.* A probable cause analysis must allow room for mistakes on the part of the arresting officer but only the mistakes of a reasonable person acting on facts which sensibly led to his or her conclusions of probability. *State v. Kerley,* 134 Idaho 870, 874, 11 P.3d 489, 493 (Ct. App. 2000). Here, the officer encountered illegal drug paraphernalia in plain sight. At the motion to suppress hearing, the officer stated that, in his experience, when he finds a marijuana pipe there are often drugs as well. In addition, the officer testified that his suspicions were aroused by Smith's statement that the pipe was the only illegal thing in the car. These facts would lead a reasonable person to believe that contraband might be found in Smith's car. Therefore, we hold the officer had probable cause to search Smith's car.

In addition, Smith's actions in using the backpack to leash his dog and continuing to hug it after the dog was placed back into the car, failure to answer the officer's direct questions concerning the backpack, and nervous demeanor provided the officer with probable cause to believe that contraband might be found within the backpack. Under the *Ross* exception to the

7

warrant requirement, the officer had probable cause to search Smith's vehicle and was justified in searching any of the vehicle's contents which may have concealed contraband. It is immaterial that Smith removed the backpack from the car prior to the search as it was originally part of the contents of the vehicle. Therefore, under the *Ross* exception to the warrant requirement, the officer's actions in searching Smith's car and its contents were proper. Accordingly, we hold on these alternate grounds that the district court did not err in denying Smith's motion to suppress.

## III.

## CONCLUSION

We hold that the district court did not err in denying Smith's motion to suppress because it was justified under the search incident-to-arrest exception to the warrant requirement and the automobile exception to the warrant requirement. Accordingly, Smith's judgment of conviction for trafficking in marijuana in excess of one pound is affirmed.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**