**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42468**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | Unpublished Opinion No. 541 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: June 30, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GARY EUGENE FRIDLEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Order granting motion to suppress, <u>reversed</u> <u>and</u> <u>remanded</u>.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for appellant.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for respondent.

_____

MELANSON, Chief Judge

The State of Idaho appeals from the district court's order granting Gary Eugene Fridley's motion to suppress. For the reasons set forth below, we reverse and remand.

An officer received a report that a vehicle had been driven erratically and had parked in a parking lot. The officer went to the parking lot and located a vehicle that matched the description provided to the officer. The officer approached the vehicle and Fridley was sitting in the driver's seat. The officer told Fridley that he received a report that Fridley's vehicle matched the description of a vehicle reported to have been driven erratically. Fridley initially denied having driven to the location but later admitted that he had done so and said he did not think he had been driving erratically. He explained that he had been texting while driving. The officer saw an open can of beer on the center console of the vehicle, and Fridley admitted he had been

1

driving with an open container. The officer asked if there was anything else in the car that the officer "should be worried about," and Fridley said there was not. The officer asked Fridley to step out of the vehicle to perform field sobriety tests, which Fridley completed to the satisfaction of the officer.[1] The officer cited Fridley for possession of an open container of beer in a motor vehicle, a misdemeanor, and delivered the citation to Fridley. The officer continued to detain Fridley while the officer searched Fridley's vehicle. In the console, the officer found a small "airline size" bottle of liquor, a glass pipe, a marijuana pipe, small plastic bags, a scale, many pills, and small bundles of a substance suspected to be methamphetamine. In addition to the citation for possession of an open container of beer, Fridley was also charged with possession of a controlled substance with intent to deliver, three counts of possession of a controlled substance, and possession of drug paraphernalia. Fridley filed a motion to suppress the items discovered during the search, which the district court granted. The state appeals.

The state asserts that the district court erred in granting Fridley's motion to suppress because the search was justified under the automobile exception to the warrant requirement. Specifically, the state argues that observing an open container of beer in plain view gave the officer probable cause to search the vehicle. Fridley argues that the district court properly granted his motion to suppress because the search violated the Fourth Amendment as it did not fall within any exceptions to the warrant requirement. Fridley further argues that the officer did not have probable cause to believe that additional open containers or any other evidence of a crime would be found in his vehicle.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

---

[1] Fridley failed one of the tests, but the officer did not believe Fridley was under the influence.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The state may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* The automobile exception to the warrant requirement authorizes a warrantless search of a vehicle when there is probable cause to believe the vehicle contains contraband or evidence of criminal activity. *United States v. Ross*, 456 U.S. 798, 824 (1982); *State v. Smith*, 152 Idaho 115, 120, 266 P.3d 1220, 1225 (Ct. App. 2011). Probable cause is established when the totality of the circumstances known to the officer at the time of the search would give rise--in the mind of a reasonable person--to a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Anderson*, 154 Idaho 703, 706, 302 P.3d 328, 331 (2012). Probable cause for a search is a flexible, common-sense standard--a practical, nontechnical probability that incriminating evidence is present is all that is required. *Texas v. Brown*, 460 U.S. 730, 742 (1983); *see also State v. Wigginton*, 142 Idaho 180, 183, 125 P.3d 536, 539 (Ct. App. 2005) (overwhelming odor of alcohol coming from a vehicle provided probable cause to search the vehicle for open containers where the occupants denied having consumed alcohol and the driver passed field sobriety tests).

We hold that an open container in a vehicle in plain view is sufficient to give rise to a fair probability that additional evidence of a violation of I.C. § 23-505[2] will be found in the passenger compartment of the vehicle. Thus, an officer's observation of an open container of alcohol in a vehicle provides probable cause to search the passenger compartment of the vehicle for additional open containers of alcohol. Even if we were to acknowledge that Fridley may not have been charged with additional violations of I.C. § 23-505 for any additional open containers discovered, the additional open containers of beer or other alcoholic beverages would have been contraband. As the officer testified: "I want to make sure that there are no further open

---

[2]     The portion of I.C. § 23-505 relevant to this case provides that no person in a motor vehicle, while the vehicle is on a public highway or the right-of-way of a public highway may drink or possess any open beverage containing alcoholic liquor, beer, or wine.

containers in this vehicle for him to go down the road to become further intoxicated if he so desired and endanger the public."[3]

The officer observed an open container of alcohol in Fridley's vehicle. That observation provided probable cause for the officer to search Fridley's vehicle, under the automobile exception to the warrant requirement, for additional containers of alcohol--whether contraband or evidence of additional violations of I.C. § 23-505. Therefore, the district court erred in granting Fridley's motion to suppress. Accordingly, we reverse the district court's order granting Fridley's motion to suppress and remand for further proceedings.

Judge LANSING and Judge GRATTON, **CONCUR**.

---

[3] Interestingly enough, the officer *did* find another container of an alcoholic beverage during the search. He testified that the small bottle of liquor found in the console was "opened." Presumably, he meant "unsealed." This would have been a violation of I.C. § 23-505(1).

4