**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41831**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Opinion No. 38** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: July 6, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ASHLI MARIE EASTERDAY,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant. Reed P. Anderson argued.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent. Ted S. Tollefson argued.

_____

GRATTON, Judge

Ashli Marie Easterday appeals from the district court's order denying her motion to suppress evidence found in the search of her purse. The district court determined that Easterday's purse was not a part of her person at the time probable cause to search her vehicle was established, and therefore, it was a container in the vehicle and subject to search pursuant to the automobile exception to the warrant requirement. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts of this case are not in dispute. A deputy for the Twin Falls County Sheriff's office received information that a citizen had loaned his vehicle to his ex-girlfriend and was trying to recover the vehicle. The deputy subsequently located and stopped the vehicle, which was being driven by Easterday. Upon making contact with Easterday, the deputy told her that

1

she did not have permission to be driving the vehicle and that she could call someone to pick her up. The deputy then called for a second deputy and a drug dog to assist him with the traffic stop. The drug dog indicated on both the driver-side and the passenger-side doors as it performed an air sniff around the vehicle. Easterday remained in the vehicle during the deployment of the drug dog. Her purse was situated in the middle of the bench seat "right beside her" during the stop.

The deputy instructed Easterday to exit the vehicle, and as she did so, she took her purse with her. Easterday and the deputy walked back to the patrol car where the deputy informed her that he needed to search her purse because it was sitting on the seat when the drug dog indicated on the vehicle. Easterday became "really agitated and asked why her purse had anything to do with the stop." After some discussion, the deputy searched her purse and discovered methamphetamine and drug paraphernalia.

Easterday was charged with possession of a controlled substance, Idaho Code § 37-2732(c)(1). She filed a motion to suppress the evidence obtained as a result of the search of her purse, arguing that her purse was a part of her person and not subject to search. Following a hearing, the district court denied the motion. Easterday conditionally pled guilty to possession of a controlled substance, reserving her right to appeal the district court's denial of her motion to suppress. The district court imposed a unified four-year sentence, with two years determinate, but suspended the sentence and placed Easterday on probation for three years. Easterday timely appeals.

## II.

## ANALYSIS

On appeal, Easterday challenges the district court's conclusion that her purse was not a part of her person and was thus subject to search at the time probable cause to search the vehicle was established. The district court held that the automobile exception to the warrant requirement applied and allowed for the search of the vehicle. The district court also determined that the automobile exception did not provide a basis to search a person within the vehicle. The district court disagreed with Easterday's contention that her purse was part of her person and therefore not subject to search.[1]

---

[1] The district court found that the search incident to arrest exception to the warrant requirement was not applicable in this case. That determination is not challenged on appeal.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement, or was otherwise reasonable under the circumstances. *Id.* Pursuant to the automobile exception, a warrantless search of a vehicle is authorized when there is probable cause to believe the vehicle contains contraband or evidence of criminal activity. *United States v. Ross*, 456 U.S. 798, 824 (1982); *State v. Smith*, 152 Idaho 115, 120, 266 P.3d 1220, 1225 (Ct. App. 2011). When a reliable drug-detection dog indicates that a lawfully stopped automobile contains the odor of controlled substances, the officer has probable cause to believe that there are drugs in the automobile and may search it without a warrant. *State v. Tucker*, 132 Idaho 841, 843, 979 P.2d 1199, 1201 (1999); *State v. Gibson*, 141 Idaho 277, 281, 108 P.3d 424, 428 (Ct. App. 2005). Here, Easterday does not contest the legality of the vehicle's exposure to the dog. Accordingly, when the dog alerted on the vehicle, the subsequent warrantless search of the vehicle was authorized under the automobile exception.

If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *Ross*, 456 U.S. at 825. This rule applies to all containers within a vehicle, without qualification as to ownership or the nature of the container and without a showing of individualized probable cause for each container. *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999); *Ross*, 456 U.S. at 825. However, occupants of a car continue to have a heightened expectation of privacy, which protects against personal searches without a warrant. *See Houghton*, 526 U.S. at 303. Thus,

personal searches of vehicle occupants are not authorized under the automobile exception as a result of the occupant's mere presence within a vehicle, which there is probable cause to search. *United States v. Di Re*, 332 U.S. 581, 586-87 (1948); *Gibson*, 141 Idaho at 282, 108 P.3d at 429.

This case presents a very refined question: whether Easterday's purse was a part of her person, and therefore, not subject to search under the automobile exception to the warrant requirement. Largely relying on cases applying the search incident to arrest exception, Easterday argues that her purse was a part of her person and that, although there were grounds to search the automobile, there were no grounds to search her, and hence the contents of her purse.[2] The State argues that most of the cases relied upon by Easterday are distinguishable and do not apply because they interpret the scope of searches incident to arrest rather than the automobile exception. We agree that the search incident to arrest exception is not applicable and confine our analysis to cases that have interpreted the automobile exception.

In *Smith*, probable cause to search Smith's vehicle developed when an officer saw a marijuana pipe on the front seat of the vehicle. A large dog in the back of Smith's car was growling at the officer so the officer asked Smith to remove the dog so he could search the interior of the vehicle. Smith retrieved a backpack from inside the car to use its straps to take the dog from the car. When the officer concluded his search of the vehicle, he instructed Smith to put the dog back in the vehicle and to hand him the backpack. Inside the backpack, the officer found a large amount of marijuana. *Smith*, 152 Idaho at 117-18, 266 P.3d at 1222-23. This Court determined that the search of Smith's backpack was authorized pursuant to the automobile exception because the backpack was originally a container within the vehicle and it was immaterial that Smith removed the backpack from the vehicle. *Id*. at 121, 266 P.3d at 1226.

In *Gibson*, a drug dog alerted on the passenger-side door of a vehicle while the occupants were still inside. As a result, an officer ordered Gibson, who had originally been the driver, to exit the vehicle and patted him down for weapons. The officer removed items from his jacket

---

[2]     Easterday relies on *State v. Holland*, 135 Idaho 159, 15 P.3d 1167 (2000) (holding that a container that is voluntarily left within the vehicle may be subject to search incident to arrest); *State v. Newsom*, 132 Idaho 698, 979 P.2d 100 (1998) (holding that a police officer cannot create a right to search under the search incident to arrest exception by forcing the occupant of a vehicle to leave a purse in the vehicle); and *State v. Roe*, 140 Idaho 176, 90 P.3d 926 (Ct. App. 2004) (concluding that a passenger cannot, upon being asked to exit the vehicle, extract various containers from the vehicle to avoid search of the containers).

including his wallet. Once the search of his vehicle failed to disclose any contraband, the officer then searched Gibson's wallet and discovered methamphetamine. *Gibson*, 141 Idaho at 280, 108 P.3d at 427. This Court held that although the automobile exception to the warrant requirement justified the warrantless search of Gibson's vehicle, the officer impermissibly expanded the search to Gibson's person, which included his wallet from his jacket. *Id.* at 282, 108 P.3d at 429.[3]

Easterday contends that her purse should be treated the same as Gibson's wallet found within his jacket. She argues that purses are like wallets in that they hold items of a personal nature, and therefore, are distinguishable from other containers and should be considered part of the person. Easterday further argues that a wallet is more often used by a man and is likely to be located within his clothing; whereas a purse, being generally larger, is ill-suited for remaining physically attached to a woman who may be driving. In essence, she concludes that treating these items differently is unfair. Easterday apparently recognizes the fact that a purse (or wallet) may be detached from the person to varying degrees and distance at the time probable cause is established. Consequently, she proposes we hold that a purse may be considered part of a person when, under the totality of the circumstances, it was in normal use, it was under the woman's control, and she took it with her when she exited the vehicle. Easterday cites no authority for this standard and we have found none.[4] We understand Easterday's practical argument that

---

[3] Our opinion in *Gibson* quotes various passages from *Houghton* describing the basis for the rule precluding search of the person. Thereafter, we simply held: "Accordingly, the district court erred in concluding that the automobile exception to the warrant requirement justified the warrantless search of Gibson following the dog's alert and the fruitless search of his vehicle." *Gibson*, 141 Idaho at 282, 108 P.3d at 429. We did not further discuss what constitutes the "person."

[4] Easterday points to Justice Breyer's concurring opinion in *Houghton*, which stated:
> Purses are special containers. They are repositories of especially personal items that people generally like to keep with them at all times. So I am tempted to say that a search of a purse involves an intrusion so similar to a search of one's person that the same rule should govern both. However, given this Court's prior cases, I cannot argue that the fact that the container was a purse automatically makes a legal difference, for the Court has warned against trying to make that kind of distinction. But I can say that it would matter if a woman's purse, like a man's billfold, were attached to her person. It might then amount to a kind of "outer clothing," which under the Court's cases would properly receive increased protection.

purses should be treated like the wallet in *Gibson*, even though men normally carry wallets in a pocket and women carry purses which need to be put down, especially if the owner of the purse is driving. However, under the automobile exception, there are no special containers, and it is immaterial where the container is located within the vehicle or whether the occupant exited the vehicle with the container. *Ross*, 456 U.S. at 825; *Smith*, 152 Idaho at 121, 266 P.3d at 1226. While a purse is a personal item akin to a billfold, precedent applying the automobile exception provides for search of all containers with the sole exception of the person, including their clothing. Accordingly, the district court did not err in concluding that the automobile exception to the warrant requirement justified the search of Easterday's purse following the dog's alert on the vehicle.

## III.

## CONCLUSION

The district court did not err in denying Easterday's motion to suppress because the search of her purse was justified under the automobile exception to the warrant requirement. Accordingly, Easterday's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge MELANSON and Judge Pro Tem WALTERS **CONCUR**.

---

*Wyoming v. Houghton*, 526 U.S. 295, 308 (1999) (citations omitted).

However, this is not the majority decision, although it has prompted some discussion as we have seen in *Roe*, where we stated "[w]e agree that a purse and perhaps a billfold are items that can be considered part of the person, much like the clothing a person is wearing." *Roe*, 140 Idaho at 183, 90 P.3d at 933. *Roe* is a search incident to arrest case and did not involve either a wallet or a purse.