**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44125**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 554 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 18, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| JACQUELINE MARIE HOLT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott L. Wayman, District Judge.

Order denying motion to suppress and judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Jacqueline Marie Holt appeals from her judgment of conviction entered following her conditional plea of guilty to one count of possession of a controlled substance. Holt argues the search of her purse was unconstitutional. We affirm the district court's order denying Holt's motion to suppress.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Holt was a passenger in a vehicle. At 1:54 a.m., an officer noticed the vehicle barrel toward a stop sign before coming to an abrupt stop. After turning onto the highway, the officer paced the vehicle at speeds fluctuating between 40 miles per hour and 70 miles per hour; the speed limit was 65 miles per hour. While driving down the highway, the driver crossed both the centerline and the fog line. Once the officer signaled for the driver to pull over due to this erratic driving, the driver slowed down but failed to come to a complete stop. While trailing the slow-

1

moving vehicle, the officer noticed both the driver and Holt making movements. At one point, the officer lost sight of Holt. The driver eventually pulled over at the entrance to a casino.

When the officer asked the driver why she did not pull over, the driver explained it was because she was unfamiliar with the area and did not know a safe place to pull over. The officer also asked the driver and Holt what they had been moving around in the vehicle and they both answered that they had not been moving anything. The driver explained that she had only one of her contacts in and, thus, could not see very well. The driver admitted she had smoked marijuana three to four hours before she drove and that she did not have a valid driver's license. When asked about her erratic driving--starting to pull over and then not doing so several different times--the driver explained the lights behind her were too bright, so she had turned her rear view mirror so the lights would not reflect in her vehicle. The driver claimed that as a result, she did not know the officer was behind her. This conflicted with her previous answer as to why she did not immediately pull over: that she could not find a safe place to pull over. While questioning the driver, the officer observed that the driver's eyes were bloodshot and her movements were somewhat delayed at times. The driver was taken out of the vehicle and given field sobriety tests, which she failed, and subsequently arrested for driving under the influence.

After the driver was removed from the vehicle, the officer asked Holt to step out of the vehicle. The officer noted that because of the prior movement, he wanted Holt out of the vehicle where he could see her. Holt was seated in the front passenger seat and her purse was sitting on the floor in front of her. The officer did not instruct Holt to leave the purse in the vehicle and Holt did not remove or attempt to remove her purse from the vehicle as she got out. Once Holt was out of the vehicle, the officer asked Holt if she had any identification. The officer allowed Holt to return to the vehicle, where she removed her wallet from her purse, extracted her identification from her wallet, and handed it to the officer. The officer returned the identification, and Holt put it back into her wallet. The officer then said: "All right. Go ahead, and you can leave that in there. And go ahead and just stand out here with me while I talk with your driver over there. Okay." Holt dropped her wallet back into her purse and stepped back out of the vehicle. During the entire exchange, Holt's purse remained in the vehicle on the floor in front of the passenger seat, where she had left it when she initially stepped out of the vehicle.

Once the driver was arrested, the officer went back to the vehicle and searched the car. He found a soft, pink sock that was sitting directly behind the driver's seat on the floor. Therein,

2

the officer found a glass smoking pipe with white residue. At that point, the officer detained Holt and, with the assistance of an additional officer who had arrived on the scene, searched the rest of the vehicle, including Holt's purse. While controlled substances and paraphernalia were found in various locations in the vehicle, at issue in this case are the items found in Holt's purse--a metal container which contained a baggie of a clear, crystal-like substance, subsequently identified as methamphetamine, along with a receipt to Holt. Holt was then *Mirandized*,[1] and Holt admitted the pipe was hers and that she had forgotten the methamphetamine was in her purse. Holt was arrested and charged with possession of a controlled substance and possession of paraphernalia with the intent to use, in violation of Idaho Code §§ 37-2732(c)(1) and 37-2734(a), respectively.

Holt filed a motion to suppress the evidence. She argued two separate theories upon which the district court should suppress the evidence. First, she argued the officers had notice that the purse belonged to Holt, not the driver, and while the officers may have had authority to search the purse incident to the driver's arrest, they should not have searched Holt's purse unless the officers had some reason to believe Holt was involved in the criminal activity. Second, Holt argued that because the officer asked her to leave the purse in the vehicle, she did not voluntarily abandon the purse, and as a result, the purse was not subject to a search and any evidence seized must be suppressed. The State objected to the motion to suppress, first arguing once the driver was arrested, the officers could search the vehicle because evidence related to the crime--driving under the influence of drugs--could be found in any container in the vehicle, including Holt's purse. Once the methamphetamine was found, the officers then had probable cause to search the entire vehicle, including Holt's initially abandoned purse. Second, the State argued that Holt voluntarily relinquished her purse because when Holt initially got out of the vehicle, she was not ordered to leave her purse in the vehicle and she did not attempt to remove her purse from the vehicle. When Holt subsequently retrieved her identification, the officer's statement, "All right. Go ahead, and you can leave that in there. And go ahead and just stand out here with me while I talk with your driver over there. Okay," was a request, not an order or command, and Holt had a choice to leave her purse in the vehicle.

The court made factual findings. First, when the officer said: "you can leave that in there," the "that" was referring to Holt's purse. Second, the district court, without explanation,

---

[1]    *Miranda v. Arizona*, 384 U.S. 436 (1966).

found the statement to be "more in the form of a request, not an order." Third, the district court found that even if the officer's statement was an order, when Holt initially got out of the vehicle without her purse, the police clearly had the right to search the purse under either the automobile exception or incidental to the arrest of the driver. When the officer subsequently asked Holt for her identification, the officer's statement--either a request or an order--to leave her purse in the vehicle, did not mean the officer forfeited the right to search, "which came into being the minute [Holt] left the vehicle without the--without the purse." As a result of the findings of fact and conclusions of law, the district court denied Holt's motion to suppress.

Holt then entered a conditional guilty plea, reserving the right to appeal the denial of the motion to suppress. Following her plea, Holt was sentenced to a unified term of incarceration of three years, with one and one-half years fixed. Holt timely appealed.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

On appeal, Holt argues that because the officer ordered her to leave her purse in the vehicle, the officer created the circumstance by which the purse was in the vehicle at the time of the search.[2] Holt does not address whether the search was constitutionally permissible pursuant

---

[2] Although Holt claims the search violated the United States and Idaho Constitutions, she does not argue the Idaho Constitution provides different or broader protection than the United States Constitution. Therefore, we will analyze the claim under the protections afforded by the Fourth Amendment to the United States Constitution. *State v. Talavera*, 127 Idaho 700, 703, 905 P.2d 633, 636 (1995).

to the automobile exception to the warrant requirement. Instead, Holt focuses on whether her relinquishment of her purse was voluntary. The State argues the search was constitutionally valid, as done either pursuant to the automobile exception or incident to the driver's arrest, both of which are exceptions to the warrant requirement. The State asserts the analysis of the automobile exception to the warrant requirement is dispositive in this case and we need not address the search incident to the arrest exception. The State argues that if we address the search incident to arrest exception, the officer's statement was not an order and, thus, Holt voluntarily abandoned any privacy interest in her purse. We agree with the State that the analysis of the automobile exception to the warrant requirement is dispositive in this case.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id*. *See also Michigan v. Long*, 463 U.S. 1032, 1049-50 (1983) (officer safety exception applies to a search of an automobile's passenger compartment when an officer has reasonable suspicion that an individual is dangerous and might access the vehicle to gain immediate control of weapons); *State v. Veneroso*, 138 Idaho 925, 929, 71 P.3d 1072, 1076 (Ct. App. 2003) (automobile exception applies to a search of an automobile where officers have probable cause to believe that the automobile contains contraband or evidence of a crime).

This Court articulated the standard for the search of a vehicle pursuant to the automobile exception in *State v. Newman*, 149 Idaho 596, 237 P.3d 1222 (Ct. App. 2010). Therein we stated:

> Under the automobile exception, police officers may search an automobile and the containers within it when they have probable cause to believe that the automobile contains contraband or evidence of a crime. Probable cause is a flexible, common-sense standard. A practical, nontechnical probability that incriminating evidence is present is all that is required. Probable cause does not require an actual showing of criminal activity, but only the probability or substantial chance of such activity. The facts known to the officers must be judged in accordance with the factual and practical considerations of everyday life on which reasonable and prudent people act. If probable cause exists to believe a vehicle contains evidence of criminal activity, the search of any area of the vehicle in which the evidence might be found is authorized. The scope of such a search includes evidence relevant to offenses other than the offense of arrest.

5

*Id.* at 599-600, 237 P.3d at 1225-26 (citations omitted).  Under the automobile exception, any package capable of concealing evidence of a crime or related contraband that is located in the vehicle at the time probable cause of a crime develops may be searched for evidence of that crime or related contraband.  *State v. Smith*, 152 Idaho 115, 120-21, 266 P.3d 1220, 1225-26 (Ct. App. 2011).  This is true even if the package is removed from the vehicle before the officer searches it because the search relates back to the time probable cause developed.  *Id.*

In *State v. Easterday*, 159 Idaho 173, 357 P.3d 1281 (Ct. App. 2015), this Court addressed whether Easterday's purse could be searched pursuant to the automobile exception after Easterday got out of the vehicle holding her purse.  *Id.* at 175, 357 P.3d 1283.  There, Easterday's vehicle was validly stopped by law enforcement.  *Id.* at 174, 357 P.3d 1282.  She remained in her vehicle while a drug dog was deployed and subsequently alerted on the vehicle.  At the time the drug dog alerted, Easterday's purse was sitting in the middle of the bench seat, "right beside her."  The officer told Easterday to get out of her vehicle, and as she did so, she took her purse with her.  The officer instructed Easterday he would search her purse because it was in the vehicle when the drug dog alerted on the vehicle.  Easterday became upset but ultimately, the officer searched her purse and found methamphetamine and drug paraphernalia.  *Id.*

Easterday appealed following the district court's denial of her motion to suppress.  Easterday argued that pursuant to the *State v. Newsom*, 132 Idaho 698, 979 P.2d 100 (1998) line of cases, her purse was part of her person, and therefore, when the officer told her to leave her purse in the vehicle, the officer created the circumstance by which the purse was in the vehicle at the time of the search.  *Easterday*, 159 Idaho 176, 357 P.3d 1284.  As a result, Easterday argued the search of her purse was constitutionally invalid.

This Court rejected that argument, noting that the *Newsom* line of cases interpreted the scope of a search incident to an arrest rather than the automobile exception.  *Easterday*, 159 Idaho at 176, 357 P.3d at 1284.  We reasoned:

> If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.  This rule applies to all containers within a vehicle, without qualification as to ownership or the nature of the container and without a showing of individualized probable cause for each container.  However, occupants of a car continue to have a heightened expectation of privacy, which protects against personal searches without a warrant.  Thus, personal searches of vehicle

6

occupants are not authorized under the automobile exception as a result of the occupant's mere presence within a vehicle, which there is probable cause to search.

*Easterday*, 159 Idaho at 175, 357 P.3d at 1283 (citations omitted). Ultimately, this Court held: "[U]nder the automobile exception, there are no special containers, and it is immaterial where the container is located within the vehicle or whether the occupant exited the vehicle with the container." *Id*. at 177, 357 P.3d at 1285.

This case is factually similar to *Easterday*. In this case, the officer had probable cause to search the vehicle pursuant to the automobile exception before ordering anyone out of vehicle. The facts known to the officer at the time were as follows:

1.      Two police cars with their overhead lights activated had been following the vehicle for almost a mile before the vehicle pulled over. During that time, the officer observed erratic driving.

2.      While following the vehicle, the officer also observed both the driver and Holt moving things around inside the vehicle and observed the driver leaning over her center console.

3.      The driver admitted to smoking marijuana three to four hours before being pulled over and that she did not have a valid driver's license.

4.      The driver admitted that everything in the vehicle belonged to her.

5.      The driver claimed she was not from the area, but had been at someone else's house where she had smoked the marijuana.

When the officer asked the driver to step out of the vehicle, judged in accordance with factual and practical considerations, those facts he knew give rise to a practical, nontechnical probability that incriminating evidence of criminal activity was present. And so the officer could search any area of the vehicle, including containers, where evidence of the criminal activity may be found. Holt's purse was such a container that was in the vehicle at the time the officer had probable cause to search. Because probable cause arose before the arrest, it is unnecessary to analyze the search pursuant to the search incident to arrest exception. As such, the search of Holt's purse was constitutionally valid as a container within the vehicle pursuant to the automobile exception. Because this issue is dispositive, we need not address whether the officer's statement was a request or an order, although we note such a distinction is irrelevant pursuant to the holding in *Easterday*.

## IV.

## CONCLUSION

Because the officer could search Holt's purse pursuant to the automobile exception to the warrant requirement, we do not address whether the search was constitutionally permitted as a search incident to arrest. We therefore affirm the district court's order on Holt's motion to suppress and judgment of conviction.

Chief Judge GRATTON and Judge GUTIERREZ, CONCUR.