**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50089**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 12, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MAXWELL ALEXANDER DOSH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Judgment for trafficking in methamphetamine or amphetamine, trafficking in heroin, possession of a controlled substance with the intent to deliver, possession of drug paraphernalia, resisting or obstructing an officer, unlawful possession of a firearm, and being a persistent violator of the law, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge Pro Tem

Maxwell Alexander Dosh appeals from his judgment of conviction for trafficking in methamphetamine or amphetamine, trafficking in heroin, possession of a controlled substance (fentanyl) with the intent to deliver, possession of drug paraphernalia, resisting or obstructing an officer, unlawful possession of a firearm, and being a persistent violator of the law. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Boise police officers were investigating a drug trafficking operation that they believed used Airbnb and Uber rentals to avoid police detection. They were investigating a specific rental house

1

looking for a male person of interest in the investigation. A driver arrived and picked up three passengers from the rental--two men and one woman--who all sat in the back seat. The officers did not know at the time whether either of the men was the person of interest. Police followed the Uber and stopped the vehicle for failure to signal before changing lanes. Dosh was identified as the person sitting in the middle of the back seat. During the stop, an officer saw Dosh put his hands near a backpack at his feet. The officer instructed Dosh to stop and he complied. When an officer questioned the female passenger, she admitted that she had an Oxycontin/Oxycodone (Oxy) pill in her possession which she placed on the roof of the vehicle. After the passengers had been removed from the vehicle, the officers searched it, including the backpack that had been at Dosh's feet. The backpack contained methamphetamine, heroin, at least 100 fentanyl pills, baggies, a digital scale, and a glass pipe. Dosh fled the scene on foot before officers could take him into custody. He was later arrested and, after a jury trial, was found guilty of trafficking in methamphetamine or amphetamine, I.C. § 37-2732B(a)(4)(A); trafficking in heroin, I.C. § 37-2732B(a)(6)(B); possession of a controlled substance (fentanyl) with the intent to deliver, I.C. § 37-2732(a); possession of drug paraphernalia, I.C. § 37-2732A; and resisting and/or obstructing an officer, I.C. § 18-705.

Prior to trial, Dosh filed a motion to suppress evidence and argued that the police did not have a reasonable suspicion for the traffic stop, the scope of the stop was unlawfully expanded, and the police did not have probable cause to search his backpack. After a hearing, the district court denied the motion, finding that the stop was justified by the traffic infraction, it was not unlawfully extended, and the search of Dosh's backpack was lawful under the automobile exception to the warrant requirement.

At trial, an officer testified that he processed the items of evidence, including the fentanyl pills found in Dosh's backpack, and sent them to the Idaho State Laboratory for testing. The officer testified that he estimated there were over 100 fentanyl pills. The State then asked, "Is that amount significant to you?" The officer responded "yes." Dosh's counsel requested a bench conference. After a discussion off the record, the State asked whether the number of pills was "more than what you'd expect to see as a user amount?" Dosh objected, citing his "prior objection on foundation and disclosure of expert witness." The objection was overruled, and the officer

2

testified that the "amount is more than I would typically find on a user." A jury found Dosh guilty of all charges.

Dosh appeals, challenging the district court's denial of his motion to suppress. He also argues the district court erred in the admission of the officer's testimony during the trial, the district court's denial of discovery sanctions for failure to disclose the officer as an expert witness, and the subject matter of his testimony.

## II.

## ANALYSIS

### A.    Motion to Suppress

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

On appeal, Dosh argues that the district court erred by denying his motion to suppress. He contends that his Fourth Amendment right to be free from unreasonable searches and seizures was violated when officers searched his backpack after the female passenger admitted to possession of an Oxy pill. He argues that the automobile exception to the warrant requirement did not allow the search of his backpack and that officers had no other justification for the search.

The Idaho Supreme Court has explained the automobile exception to the warrant requirement as follows:

> The Fourth Amendment to the United States Constitution and Article I, § 17 of the Idaho Constitution prohibit unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable unless they fall within one of several narrowly drawn exceptions. *State v. Gallegos*, 120 Idaho 894, 897, 821 P.2d 949, 952 (1991). One of those exceptions, the "automobile exception," allows police to search a vehicle without a warrant when there is probable cause to believe the vehicle contains contraband or evidence of a crime. *State v. Buti*, 131 Idaho 793, 800, 964 P.2d 660, 667 (1998). Probable cause is established when the totality of the circumstances known to the officer at the time of the search would give rise--in

3

the mind of a reasonable person--to a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Josephson*, 123 Idaho 790, 792-93, 852 P.2d 1387, 1389-90 (1993). Probable cause is a flexible, common-sense standard, and a practical, nontechnical probability that incriminating evidence is present is all that is required. *Texas v. Brown*, 460 U.S. 730, 742, 103 S. Ct. 1535, 1543, 75 L. Ed. 2d 502, 513-14 (1983).

*State v. Anderson*, 154 Idaho 703, 706, 302 P.3d 328, 331 (2012). The automobile exception also extends to containers in the vehicle. If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *United States v. Ross*, 456 U.S. 798, 825 (1982); *State v. Maloney*, 168 Idaho 936, 941, 489 P.3d 847, 852 (2021). However, the scope of a search under the automobile exception is limited to where officers have probable cause to believe contraband or evidence is contained. *California v. Acevedo*, 500 U.S. 565, 580 (1991); *State v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991).

The district court, in denying Dosh's motion to suppress, relied upon *Wyoming v. Houghton*, 526 U.S. 295 (1999), which held that police officers with probable cause to search a car may search a passenger's belongings found in the car that are capable of concealing the object of the search. Dosh argues that the female passenger's possession of one Oxy pill did not give officers probable cause to search the entire vehicle and the containers therein. Dosh frames the issue as follows: "Whether probable cause related to one passenger justifies search of another passenger's belongings in the car." However, the more accurate description of the issue in this case is whether one passenger's possession of an Oxy pill while in the vehicle provides probable cause to believe the vehicle contains contraband or evidence of a crime. Cases involving the automobile exception to the warrant requirement focus on the presence of contraband *in the vehicle*, not on whether the contraband is found on the person of one of the occupants as compared to any other particular place in the vehicle. Once officers possess probable cause to believe a lawfully stopped vehicle contains contraband or evidence of a crime, they may search every part of the vehicle and its contents that may conceal the object of the search, including all containers within a vehicle, without qualification as to ownership or the nature of the container and without a showing of individualized probable cause for each container. *State v. Easterday*, 159 Idaho 173, 175, 357 P.3d 1281, 1283 (Ct. App. 2015); *see also Houghton*, 526 U.S. at 300; *Ross*, 456 U.S. at 825.

4

Dosh argues that this case is similar to *Sossamon v. State*, 576 S.W.3d 520 (Ark. Ct. App. 2019). In that case, the defendant was the driver of a vehicle but not the owner. The vehicle was stopped by a police officer for speeding. The owner, who was a passenger, consented to a search of the vehicle but did not want her bags searched so the officer allowed her to remove her bags. The officer found methamphetamine in the vehicle and searched the defendant's bags, believing there was probable cause to do so. The Arkansas court first noted that the consent to search did not extend to the defendant's bags and that probable cause to search the vehicle (and containers in the vehicle) was not developed until after the defendant had removed her bags. The court then addressed the automobile exception to the warrant requirement. The court apparently viewed the search of the defendant's bags after they were removed from the car as a search of her person (which must be supported by probable cause particularized with respect to that person) and held that the lower court erred in finding that there was probable cause to search the defendant's bags based on finding drugs in the passenger's purse in the car. *Id.* at 529. Notably, the Arkansas court distinguished *Houghton* because, among other things, the search in that case involved a search of personal belongings *inside* a vehicle.

In *Houghton*, an officer saw a hypodermic syringe in the driver's pocket. The driver admitted to using it for illegal drugs. The officer then searched the passenger area of the vehicle, including a passenger's purse and found drug paraphernalia in the purse. The *Houghton* Court held that police officers with probable cause may search passenger's belongings in the car that are capable of concealing the object of the search without the need to establish individualized probable cause for each passenger. *Houghton*, 526 U.S. at 307. This case is much more similar to *Houghton* than *Sossamon.*

Here, the passenger's admission that she had contraband on her person in the vehicle provided sufficient probable cause for the officers to search the vehicle and containers in the vehicle (including Dosh's backpack) pursuant to the automobile exception to the warrant requirement. Dosh has failed to show that the district court erred in the denial of his motion to suppress.

**B.     Witness Testimony**

Over Dosh's objection, the district court allowed the officer to testify that the number of fentanyl pills found in Dosh's possession was "more than I would typically find on a user." After

5

the officer testified, and outside the presence of the jury, the district court explained that the objection was overruled because it "was not specifically expert testimony but rather something that [an officer] would know from his experience." During closing argument, the State relied in part on the officer's testimony to prove that Dosh was guilty of possession of fentanyl with intent to deliver, arguing: "We know that the officers found a large number of pills. And you heard testimony from one of the officers that it was more than a user amount." Dosh asserts that the testimony of the officer was expert testimony under I.R.E. 701 and that the district court erred when it admitted the officer's opinion on the significance of the number of pills without sufficient foundation or notice.

The admissibility of nonexpert opinion testimony is governed by I.R.E. 701 and states as follows:

> If a witness is not testifying as an expert, testimony in the form of an opinion or inference is limited to one that is:
> (a)     rationally based on the witness's perception;
> (b)     helpful to clearly understanding the witnesses testimony or to determining a fact in issue; and
> (c)     not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

In contrast, I.R.E. 702 governs expert opinion testimony and, in doing so, provides the definition of "expert witness." That rule provides, in pertinent part:

> A witness who is qualified as an expert by knowledge, skill, experience, or education may testify in the form of an opinion . . .
> (a)     if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

As explained by the Idaho Supreme Court, a lay witness may testify to an opinion or inference only if it is rationally based on a witness's perception (i.e., the personal knowledge requirement under I.R.E. 602); and not based on scientific, technical, or other specialized knowledge within the scope of I.R.E. 702. *State v. Smith*, 170 Idaho 800, 817, 516 P.3d 1071, 1088 (2022). When either element is missing, if the opinion is to be admitted at all, it must satisfy the requirements for expert testimony. *Id*. The Court further explained that lay testimony is based on the ordinary experience of the average person and that it results from a process familiar in everyday life. *Id*. Finally, the Court observed that the opinion must be able to be drawn following

6

observation by any person possessing a generally present background, i.e., common knowledge. *Id*.

Here, the district court determined that the officer did not testify as an expert. The district court reasoned that the officer's testimony about the fentanyl pills was not specifically expert testimony but was something an officer would know from experience. The district court did not err in ruling that the officer's testimony was lay opinion under I.R.E. 701. The "ordinary experience of an average person" would lead to the conclusion that a larger amount of a controlled substance is more likely associated with dealing rather than personal use--particularly when it is found with packaging materials and other controlled substances. In order to form his opinion, the officer would not need to rely on scientific, technical, or specialized knowledge but rather, as the district court reasoned, this was something he would know from his experience as an officer. It required no special expertise for the officer to conclude, based upon his experience and observations, that the amount of fentanyl was not consistent with personal use. His opinion was admissible under I.R.E 701. *See e.g*., *United States v. Jones*, 218 Fed. Appx. 916, 917 (11th Cir. 2007) (holding police officer's opinion that marijuana was intended for distribution based on quantity and packaging was admissible lay opinion under Fed. R. Evid. 701); *United States v. Ayala-Pizarro*, 407 F.3d 25, 28 (1st Cir. 2005) (holding police officer's opinion regarding drug points and drug packaging was admissible lay opinion under Fed. R. Evid. 701).[1]

The officer testified that he had been a law enforcement officer with the City of Boise for eleven years, he was assigned to narcotics, and he had training and experience in how certain controlled substances are used. Because his testimony was not expert testimony under I.R.E 702 the State was not required to provide additional foundation pursuant to I.R.E 703 and 705, nor was the State required to provide notice under I.C.R 16(b)(7). Thus, the district court did not err in the admission of the officer's opinion testimony.

---

[1]     Idaho Rule of Evidence 701 is identical to Fed. R. Evid. 701. We interpret our evidentiary rules in conformance with the interpretation placed upon the same rules by the federal courts. *Smith*, 170 Idaho at 816, 516 P.3d at 1087; *State v. Stanfield*, 158 Idaho 327, 341 n.10, 347 P.3d 175, 189 n.10 (2015).

## IV.

## CONCLUSION

Dosh has failed to show error in the district court's denial of his motion to suppress evidence nor in the decision to admit nonexpert opinion testimony. Therefore, Dosh's judgments of conviction are affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.