**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 43943**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Idaho Falls, May 2017 Term |
| Plaintiff-Appellant, | ) | |
| | ) | 2017 Opinion No. 82 |
| v. | ) | |
| | ) | Filed: July 10, 2017 |
| TYRELL GARRETT MC NEELY, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| Defendant-Respondent. | ) | |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Franklin County. Hon. Mitchell W. Brown, District Judge.

The district court's order granting the motion to suppress is <u>affirmed</u>.

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant. Russell J. Spencer argued.

Michael J. Wood, Twin Falls, for respondent.

---

HORTON, Justice.

This is an appeal from an order granting a motion to suppress. The district court in Franklin County granted a motion to suppress statements made by Tyrell McNeely to Detective Zane Jensen after finding that the *Miranda* warnings given to McNeely did not adequately advise him of his rights. On appeal, the State argues that the district court erred when it followed case law from the Ninth Circuit Court of Appeals requiring police to advise suspects of their right to have an attorney present during interrogation. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

McNeely was arrested on May 15, 2015, for a misdemeanor probation violation. While McNeely was at the Franklin County Sheriff's Office, Detective Jensen was asked to transport him to jail. Detective Jensen was investigating a report that McNeely had engaged in lewd and lascivious conduct with a minor child and decided to interview McNeely. At the beginning of the interview the following exchange took place:

Detective Jensen: You kind of got yourself in a spot.

McNeely: Uh huh.

Detective Jensen: And I need to visit with you about it. But I need – I need to have you understand – I need to talk to you about first about your rights.

McNeely: Kay.

Detective Jensen: Do you understand your rights?

McNeely: Uh, read them all to me again.

Detective Jensen: Okay. You have the right to remain silent. You understand that?

McNeely: Yes.

Detective Jensen: You have the right – uhm – because anything you say can and will be used against you in court.

McNeely: (Nodding his head up and down).

Detective Jensen: You have the right to have an attorney, do you understand that?

McNeely: (Simultaneously nodding his head up and down).

Detective Jensen: To help you with – stuff.

Detective Jensen: And if you can't afford an attorney we'll provide one for you.

Detective Jensen: Do you understand all that?

McNeely: (Nodding his head up and down) Uh-huh.

During the conversation that followed, McNeely made incriminating statements that the State wished to use against him at trial. McNeely filed a motion to suppress the statements made during the interview. Following a hearing, the district court granted the motion to suppress finding that Detective Jensen failed to adequately advise McNeely of his right to have an attorney present during the interview. The State timely appealed.

## II. STANDARD OF REVIEW

"The standard of review of a suppression motion is bifurcated." *State v. Page*, 140 Idaho 841, 843, 103 P.3d 454, 456 (2004). When a decision on a motion to suppress is challenged, the Court accepts the trial court's findings of fact that are supported by substantial evidence, but freely reviews the application of constitutional principles to the facts as found." *Id.*

## III. ANALYSIS

The Fifth Amendment to the United States Constitution provides that no person, "shall be compelled in any criminal case to be a witness against himself…." U.S. CONST. amend. V. This right has been applied to the states through the Fourteenth Amendment. U.S. CONST. amend. XIV. In a landmark case, the United States Supreme Court held that in order to use statements

2

made by a suspect during a custodial interrogation, the suspect must be advised of his Fifth Amendment rights. *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). In *Miranda*, the Court stated:

> To summarize, we hold that when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the privilege against self-incrimination is jeopardized. Procedural safeguards must be employed to protect the privilege and unless other fully effective means are adopted to notify the person of his right of silence and to assure that the exercise of the right will be scrupulously honored, the following measures are required. He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires. Opportunity to exercise these rights must be afforded to him throughout the interrogation. After such warnings have been given, and such opportunity afforded him, the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement. But unless and until such warnings and waiver are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him.

*Id.* at 478–79. This case presents a single issue: whether Detective Jensen adequately informed McNeely of his right to have counsel present during questioning. The parties agree that this was a custodial interrogation and that Detective Jensen adequately informed McNeely of his other rights.

The district court held that the warning regarding the right to counsel was inadequate as Detective Jensen did not inform McNeely that he had the right to have counsel present before and during interrogation. The State argues that the district court based its opinion on the improper belief that it was bound by Ninth Circuit case law requiring police to inform suspects that they have the right to have counsel present before and during interrogation. The State further argues that *Miranda* does not require such an elaborate warning and that the warnings given by Detective Jensen adequately informed McNeely of his rights. The issue of whether a suspect must be informed of their right to have counsel present before and during interrogation is a matter of first impression before this Court.

**A. The district court was not bound by Ninth Circuit case law.**

The State argues that the district court erred because it felt bound to follow Ninth Circuit case law. McNeely argues that the district court did not feel bound by the Ninth Circuit but merely adopted its reasoning. While the State is correct, this issue is not dispositive in this case on appeal.

3

This Court has said, "the decisions of lower federal courts are not binding on state courts, even on issues of federal law." *Dan Wiebold Ford, Inc. v. Universal Computer Services, Inc.*, 142 Idaho 235, 240, 127 P.3d 138, 143 (2005). "Such decisions are authoritative only if the reasoning is persuasive." *Id.*

In this case, the district court stated that it felt "compelled" to follow the pronouncements of the Ninth Circuit.

> While the Court recognizes that there is room for debate concerning this issue and one might speculate that the United States Supreme Court will ultimately reach a different result, if and when they consider this precise issue, especially if one reads closely the United States Supreme Court's decisions in *California v. Prysock*, 543 U.S. 355, 359 … (1981) (per curiam) and *Duckworth* [*v. Eagan*, 492 U.S. 195 (1989)]. However, the Court believes that it is compelled to follow the directive and pronouncement of the Ninth Circuit Court of Appeals on this issue and their pronouncement is quite clear in this respect. *See* [*United States v.*] *Noti*, [731 F.2d 610 (9th Cir. 1984)].

Thus, it appears that the district court felt bound by Ninth Circuit case law. As noted above, state courts are not bound by circuit court precedent even on matters of federal law. While *Noti* may be considered as persuasive authority, the district court erred to the extent that it believed itself to be compelled to follow the Ninth Circuit's directive and pronouncement. However, this error is not dispositive of this appeal.

**B. The *Miranda* warnings given to McNeely were inadequate as they did not reasonably convey his rights.**

The district court found that the *Miranda* warnings given to McNeely by Detective Jensen were inadequate because they failed to inform McNeely that he had the right to have counsel present before and during interrogation. The State argues that the warnings were adequate as they reasonably conveyed the *Miranda* warnings to McNeely. The district court was correct.

In *Miranda*, the United States Supreme Court announced a set of warnings which must be given to a suspect to protect his Fifth Amendment right against self-incrimination a right which "has consistently been accorded a liberal construction." *Miranda*, 384 U.S. at 460. "Unless adequate protective devices are employed to dispel the compulsion inherent in custodial surroundings, no statement obtained from the defendant can truly be the product of free choice." *Id.* at 458. When discussing the right at issue in this case, the *Miranda* Court said, "the right to

4

have counsel present at the interrogation is indispensable to the protection of the Fifth Amendment privilege under the system we delineate today." *Id.* at 469.

In a recent case discussing *Miranda* and its progeny, the United States Supreme Court articulated the standard used to determine the adequacy of *Miranda* warnings. *See Florida v. Powell*, 559 U.S. 50 (2010).

> In determining whether police officers adequately conveyed the four warnings, we have said, reviewing courts are not required to examine the words employed "as if construing a will or defining the terms of an easement. The inquiry is simply whether the warnings reasonably 'conve[y] to [a suspect] his rights as required by *Miranda*.' " *Duckworth*, 492 U.S., at 203 (quoting *Prysock*, 453 U.S., at 361).

*Id.* at 60 (alterations in original).

Detective Jensen told McNeely that, "[y]ou have the right to an attorney, do you understand that? To help you with – stuff." This warning did not reasonably convey to McNeely that he had the right to have the presence of counsel before and during questioning. Although the Supreme Court has not required that law enforcement officer use specific phraseology, it has consistently held that the right to the presence of counsel is an essential part of the *Miranda* warnings. *See e.g. Miranda*, 384 U.S. at 469 ("He must be warned prior to questioning… that he has the right to the presence of an attorney…"); *Duckworth v. Eagan*, 492 US 195, 204 (1989) (upholding warnings which stated suspect had the, "right to the advice and presence of a lawyer…"); *Powell*, 559 U.S. at 59 ("*Miranda* prescribed the following four now-familiar warnings: … '[3] that he has the right to the presence of an attorney…' "). The warning that Detective Jensen gave McNeely failed to advise him that he had the right to have an attorney present. Instead, Detective Jensen simply told McNeely that an attorney would be provided to help with "stuff." Because the warning did not adequately convey to McNeely his right to the presence of counsel before and during questioning, the district court properly granted McNeely's motion to suppress.

The State argues that the warnings were adequate based on a decision from this Court soon after *Miranda* was announced. In *State v. Ross*, 92 Idaho 709, 449 P.2d 369 (1968), this Court found warnings similar to those provided to McNeely were adequate. In *Ross*, the defendant was informed, "I will have to tell you that you're entitled to an attorney." 92 Idaho at 715, 449 P.2d at 376. While the warnings in *Ross* and this case are similar, subsequent decisions from the United States Supreme Court leads us to the conclusion that such a warning is

insufficient. Therefore, we overrule the decision in *Ross* and affirm the district court's order granting McNeely's motion to suppress.

## IV. CONCLUSION

We affirm the decision of the district court suppressing statements made by McNeely to Detective Jensen.

Chief Justice BURDICK and Justices EISMANN, JONES and BRODY, **CONCUR**.