IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 47365

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, December 2020 Term |
| | ) | |
| v. | ) | Opinion Filed: June 28, 2021 |
| | ) | |
| DAISHA LYNN MALONEY, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Benjamin J. Cluff, District Judge.

The decision of the district court is reversed, and the judgment entered is vacated.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant Daisha Lynn Maloney. Brian R. Dickson argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent State of Idaho. John C. McKinney argued.

———————————

STEGNER, Justice.

Daisha Lynn Maloney (Maloney) appeals from a judgment of conviction for possession of methamphetamine. An officer with the Twin Falls Police Department stopped the car Maloney was driving after determining that the vehicle's registration had expired. During this traffic stop, the officer asked if Maloney would consent to a search of the vehicle. She agreed. As Maloney and her passenger exited the vehicle, Maloney took her purse with her.

The search of the vehicle yielded a "one-hitter" marijuana pipe which contained residue. The officer told Maloney he needed to search her purse, which was no longer in the car, based on what had been discovered in the vehicle. The officer found two pipes containing white crystal residue. Maloney was charged with possession of methamphetamine.

Maloney filed a motion to suppress the evidence that had been found in her purse, which the State opposed by arguing that the automobile exception to the warrant requirement applied. Maloney contended that the automobile exception only applied to containers inside the vehicle once probable cause arose, and did not extend to her purse, which was *outside* the vehicle when

1

the officers found the marijuana pipe. The district court agreed with the State that the automobile exception applied and denied Maloney's motion. Maloney then entered a conditional guilty plea reserving her ability to appeal the suppression issue, and after judgment was entered, she filed a timely appeal. For the reasons set out below, we reverse the district court's denial of Maloney's motion to suppress, and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 6, 2018, Maloney was driving in Twin Falls, Idaho, with a female passenger, when her car was pulled over by a Twin Falls police officer. The basis for the stop was an expired registration. The officer was aware that the license plate of the vehicle had recently been called in several times in relation to purported marijuana use at a local park. Prior to the stop, the officer had requested a drug canine unit, but one was not available, so the officer requested another officer assist him. In addition to the expired registration, Maloney was unable to provide proof of insurance.

While the second officer wrote the citation and ran a check for warrants, the first officer spoke with Maloney about the reports involving the vehicle's presence at the local park associated with purported drug activity. Maloney's ex-husband[1] used the vehicle as well and was known to the first officer, who was also aware that he was at the time incarcerated in the Twin Falls County Jail for possession of methamphetamine.

The second officer informed the first that there was an outstanding arrest warrant for Maloney's passenger for a traffic violation. At this point, the first officer asked Maloney for permission to search the vehicle. She agreed and exited the vehicle. As she left, Maloney took her purse with her. Maloney and her passenger were permitted to walk to the shade of a tree nearby during the search, as it was a hot day.

During the search, the first officer discovered a "one-hitter" pipe used for marijuana which was located in a bag in the back of the car.[2] He found the pipe in a bag that also contained a wallet and other items that belonged to Maloney's ex-husband. According to the first officer, he had already decided not to charge Maloney with possession of marijuana or paraphernalia

---

[1] This individual was also alternately referred to as Maloney's husband or boyfriend. However, his relation to Maloney is not material to this appeal. For the sake of consistency, he will be referred to as Maloney's "ex-husband."

[2] A "one-hitter" is a small pipe that can contain a small amount of marijuana. A pipe of this nature is often disguised to look like a different object, such as a pen, to render it unobtrusive when compared to a more conspicuous marijuana pipe that can contain a larger amount of marijuana.

based on the "one-hitter" because "there was a high probability that the pipe belonged to" Maloney's ex-husband. Nevertheless, he informed Maloney that because he had found the pipe in the vehicle, he could now search Maloney's purse.[3] She did not give consent for her purse to be searched.

A search of Maloney's purse yielded two additional pipes as well as a small amount of a crystalline substance the first officer believed to be methamphetamine.[4] The first officer then placed Maloney under arrest for possession of methamphetamine.

Maloney filed a motion to suppress the evidence found in her purse. In particular, Maloney argued that the pipes containing the methamphetamine had been discovered during a warrantless search of her purse, which was not in the car when the "one-hitter" was discovered, and that there was no exception to the warrant requirement to render the search reasonable.

At the hearing, both Maloney and the officer testified and were cross-examined. After the testimony, Maloney argued that at the outset, the officer conducted a consent search of the *vehicle*, and that consent did not extend to the purse because Maloney had removed it from the vehicle. Maloney then argued that discovery of the "one-hitter" did not provide probable cause to search Maloney's *purse* because the officer believed that the "one-hitter" belonged to her incarcerated ex-husband, as evidenced by his decision not to charge her with possession of either marijuana or paraphernalia.

The State argued that the automobile exception applied to allow the search of Maloney's purse, even though the purse had been removed from the vehicle prior to probable cause developing to search the vehicle.[5] The State contended that if "the [c]ourt has to engage in an inquiry of the precise time when probable cause developed and where all the items were in the vehicle at the time probable cause developed, [it] really guts the automobile exception to search containers under this doctrine."

The district court denied Maloney's motion to suppress in an oral ruling from the bench. The district court initially articulated its findings of fact, finding in particular that (1) the traffic stop was initiated with probable cause; (2) the officer obtained consent for the search of the

---

[3] At the hearing, the first officer testified that he believed that once probable cause was established by finding the "one-hitter" in the vehicle, he was permitted to search the purse because it had been in the vehicle at the time of the stop.

[4] The substance later tested presumptively positive for methamphetamine at the police department.

[5] The automobile exception to the warrant requirement allows containers in a vehicle to be searched for contraband or evidence of a crime once probable cause has developed to search the vehicle for this evidence. *See United States v. Ross*, 456 U.S. 798, 825 (1982); *see also State v. Anderson*, 154 Idaho 703, 706, 302 P.3d 328, 331 (2012).

vehicle; and (3) at the time consent to search was given, Maloney and her purse were both inside the vehicle. The district court then found that when the "one-hitter" was discovered, probable cause developed to continue to search the car, and the officer no longer had to rely on Maloney's consent. The district court reviewed the cases relied on by both the State and Maloney, and observed,

> The [c]ourt does reject the notion that if a defendant immediately removes items from a vehicle, that those items are then exempt from the vehicle exception to the warrantless search rule. Such a ruling would necessarily result in absurd results where defendants are bailing out the car [sic] and grabbing everything they can to take with them out of the car prior to a search and then claiming that those items were on their person prior to a personal – or prior to probable cause being determined.

The district court went on to describe the automobile exception to the warrant requirement, stating, "[i]f probable cause justifies a search of the lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search . . . . [T]he [c]ourt does find that objects that were in the car at the time of the lawful stop are certainly subject to the vehicle exception rule whether or not the defendant exited the car with those items or whether or not those items remain in the car." The district court concluded that because the purse was a container that could have contained further drugs, there was probable cause to search it for drugs once the "one-hitter" was found in the car.

Maloney entered a conditional guilty plea, reserving her right to appeal the district court's ruling. The district court imposed a unified sentence of four years, with two years fixed, and retained jurisdiction. Maloney was later placed on probation.

Maloney timely appealed.

## II.   STANDARD OF REVIEW

> "The standard of review of a suppression motion is bifurcated." *State v. Mullins*, 164 Idaho 493, 496, 432 P.3d 42, 45 (2018) (quoting *State v. Watts*, 142 Idaho 230, 232, 127 P.3d 133, 135 (2005)). "When a decision on a motion to suppress is challenged, the Court accepts the trial court's findings of fact that are supported by substantial evidence, but freely reviews the application of constitutional principles to the facts as found." *Id.* (quoting *State v. McNeely*, 162 Idaho 413, 414–15, 398 P.3d 146, 147–48 (2017)).

*State v. Phipps*, 166 Idaho 1, 4, 454 P.3d 1084, 1087 (2019).

4

### III. ANALYSIS

On appeal, Maloney argues that for the automobile exception to the warrant requirement to apply to the search of her purse, the purse had to be *inside* the vehicle when probable cause developed. The automobile exception enables an officer to search closed containers in the car once probable cause arises. Maloney acknowledges that this Court has not addressed this particular issue, but points to decisions of the Idaho Court of Appeals and several other jurisdictions which have rejected the automobile exception when probable cause does not arise until *after* the container has been removed from the vehicle. In response, the thrust of the State's argument is that the container only needs to be in the vehicle at the time a traffic stop of that vehicle is initiated, and that the district court's reasoning is one of "common sense" to prevent the absurd result where defendants remove containers with them as they exit a vehicle in order to insulate the contents of those containers from search.

The Fourth Amendment of the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. CONST. amend IV.

> "Evidence obtained in violation of the Fourth Amendment is subject to the exclusionary rule, which requires unlawfully seized evidence to be excluded." *State v. Lee*, 162 Idaho 642, 647, 402 P.3d 1095, 1100 (2017) (citations omitted). "The exclusionary rule requires the suppression of both 'primary evidence obtained as a direct result of an illegal search or seizure, . . . but also evidence later discovered and found to be derivative of an illegality or "fruit of the poisonous tree." ' " *Id.* (quoting *Segura v. United States*, 468 U.S. 796, 804 (1984)).

*State v. Pylican*, 167 Idaho 745, 750, 477 P.3d 180, 185 (2020).

A search that is conducted without a warrant is presumptively unreasonable. *State v. Wolfe*, 165 Idaho 338, 341, 445 P.3d 147, 150 (2019). "The burden of proof rests with the State to demonstrate that the search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances." *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). One exception to the warrant requirement is valid consent. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). Another exception is the "automobile exception," which "allows police to search a vehicle without a warrant when there is probable cause to believe the vehicle contains contraband or evidence of a crime." *Anderson*, 154 Idaho at 706, 302 P.3d at 331 (quotation omitted).

5

> Probable cause is established when the totality of the circumstances known to the officer at the time of the search would give rise—in the mind of a reasonable person—to a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Josephson*, 123 Idaho 790, 792–93, 852 P.2d 1387, 1389–90 (1993).

*Id.*

The automobile exception also extends to containers in the vehicle: "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825 (1982). However, there are several limitations with respect to the search of containers. The scope of a search pursuant to the automobile exception is limited to "where [officers] have probable cause to believe contraband or evidence is contained." *State v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991) (quoting *California v. Acevedo*, 500 U.S. 565, 580 (1991)). Further, "police cannot create a right to search a container by placing it within the passenger compartment of a car or by ordering someone else to place it there for them." *State v. Holland*, 135 Idaho 159, 163, 15 P.3d 1167, 1171 (2000) (citing *State v. Newsom*, 132 Idaho 698, 700, 979 P.2d 100, 102 (1998)).

Although the automobile exception has been refined and extended throughout the years, the U.S. Supreme Court has not addressed the issue presented in this case. It is also a matter of first impression before this Court whether the automobile exception applies to allow search of containers removed from a vehicle *before* probable cause develops. However, the Idaho Court of Appeals has addressed factually similar—although not entirely on point—situations in two relatively recent decisions. *See State v. Easterday*, 159 Idaho 173, 357 P.3d 1281 (Ct. App. 2015); *State v. Holt*, No. 44125, 2017 WL 3574623 (Idaho Ct. App. 2017) (unpublished). In *Easterday*, the defendant was the driver of a vehicle lawfully stopped; her purse was present in the vehicle next to her when a drug dog "alerted" to the presence of drugs. *Easterday*, 159 Idaho at 174, 357 P.3d at 1282. When she was instructed to exit the vehicle, Easterday took the purse with her, which the officer insisted on searching because the purse had been in the vehicle at the time the drug dog alerted. The district court denied Easterday's motion to suppress, ruling that the automobile exception applied, and that probable cause arose to search the vehicle—and containers within the vehicle—when the drug dog alerted. *Id.* at 175, 357 P.3d at 1283. The Court of Appeals affirmed, noting that the purse was a container which had been in the vehicle at

6

the time the drug dog alerted, rather than part of Easterday's person. *Id.* at 176–77, 357 P.3d at 1284–85.

Two years later, the Court of Appeals applied *Easterday* in an unpublished opinion involving a passenger in a vehicle lawfully stopped after an officer witnessed erratic driving. *Holt*, No. 44125, 2017 WL 3574623 at *1. The officer requested that Holt exit the vehicle while the driver was given field sobriety tests, and Holt left her purse inside the vehicle. *Id.* When the driver failed field sobriety tests, the officer arrested the driver for driving under the influence, and then conducted a search of the vehicle. *Id.* at *2. The officer discovered a pipe with white residue behind the driver's seat on the floor. *Id.* at *2. The officer then detained Holt, and searched the rest of the vehicle, including Holt's purse, finding methamphetamine. *Id.* The district court denied Holt's motion to suppress the contraband found in her purse, and the Court of Appeals affirmed. *Id.* at *5. The Court of Appeals applied *Easterday* to conclude that "the search of Holt's purse was constitutionally valid as a container within the vehicle pursuant to the automobile exception." *Id.* at *5. However, we nonetheless recognize that *Easterday* and *Holt* are not directly applicable; the initial basis for the search here was consent, not probable cause giving rise to the automobile exception (as in *Easterday*) or the search of a car incident to lawful arrest (as in *Holt*).[6]

Other jurisdictions have addressed this narrow question, concluding that the location of the container at the time probable cause arises is dispositive of whether the container is subject to the automobile exception requirement. *See Sossamon v. State*, 576 S.W.3d 520, 527 (Ark. Ct. App. 2019); *State v. Funkhouser*, 782 A.2d 387, 398 (Md. 2001); *cf. State v. Groshong*, 135 P.3d

---

[6] The dissent also points to *State v. Smith*, 152 Idaho 115, 266 P.3d 1220 (Ct. App. 2011), as "most resembling the case at bar[.]" However, *Smith* also suffers from dissimilar facts as *Easterday* and *Holt* do. The initial basis for a search of Smith's car was the plain view of drug paraphernalia in the front seat of the car. 152 Idaho at 117, 266 P.3d at 1222. The officer asked Smith to remove his large dog from the back of the car so a vehicle search could be conducted, and Smith did so by restraining the dog with the straps of a backpack which he then refused to hand over to the officer. *Id.* at 117–18, 266 P.3d at 1222–23. The search of the vehicle yielded a small tin containing marijuana, and when the backpack was searched, a large amount of marijuana in brick form was found. *See id.* Smith sought to suppress this evidence, but the district court found that because there was probable cause to arrest Smith, the search of the backpack was justified as a warrantless search incident to lawful arrest. *Id.* at 118, 266 P.3d at 1223. The Court of Appeals affirmed, reiterating that "[s]o long as the search and the arrest are substantially contemporaneous, and the fruits of the search are not required to establish probable cause for the arrest, the search need not precisely follow the arrest in order to be incident to that arrest." *Id.* at 119, 266 P.3d at 1224. Because there was probable cause to arrest Smith, containers in the vehicle at the time probable cause arose could be searched, as could Smith's person. *Id.* *Smith* is inapposite to these facts because the State has never justified the search of Maloney's purse as incident to a lawful arrest. Moreover, unlike the case at bar, probable cause in *Smith* arose prior to the backpack's removal from the car. Here, probable cause to search the car arose only after Maloney removed the purse from the car.

1186, 1191 (Kan. 2006); *Hawley v. State*, 913 So. 2d 98, 101 (Fla. Dist. Ct. App. 2005). The facts in these cases are remarkably similar: during a traffic stop, an officer searched a container, invoking the automobile exception to the warrant requirement even though probable cause had not developed at the time the container was searched. In Arkansas and Maryland, the reviewing courts determined that because the container had been removed from the vehicle *before* probable cause arose, the automobile exception did not apply, and the evidence was suppressed. *See Sossamon*, 576 S.W.3d at 529; *Funkhouser*, 782 A.2d at 398. Conversely, in Kansas and Florida, the reviewing courts determined that because the container had been present in the vehicle *at the time* probable cause arose it was subject to the automobile exception. *See Groshong*, 135 P.3d at 1191; *Hawley*, 913 So. 2d 98, 101. Central to several of these decisions was the U.S. Supreme Court holding in *Wyoming v. Houghton*, 526 U.S. 295, 307 (1999), that "police officers with probable cause to search a car may inspect passengers' belongings *found in the car* that are capable of concealing the object of the search."[7] (Italics added.) *See also Sossamon*, 576 S.W.3d at 529 (collecting U.S. Supreme Court cases with language focusing on whether the automobile exception applies to containers *inside* the vehicle).

On appeal, the State has continued to argue *only* the applicability of the automobile exception. We are not persuaded it applies to these facts. The automobile exception does not apply to allow the search of Maloney's purse because it was not in the vehicle when probable cause arose. First, Fourth Amendment jurisprudence supports the requirement that a container be within a vehicle at the time probable cause develops for the *automobile exception* to apply. *See, e.g.*, *Houghton*, 526 U.S. at 307; *Acevedo*, 500 U.S. at 572; *United States v. Johns*, 469 U.S. 478, 479 (1985) (citing *United States v. Ross*, 456 U.S. 798 (1982)) ("[I]f police officers have probable cause to search a lawfully stopped vehicle, they may conduct a warrantless search of any containers found inside that may conceal the object of the search."). Further, Idaho case law indicates that the automobile exception does not automatically extend to *all* containers at *all times* associated with the vehicle. *See Gallegos*, 120 Idaho at 898, 821 P.2d at 953; *Holland*, 135 Idaho at 163, 15 P.3d at 1171; *Newsom*, 132 Idaho at 700, 979 P.2d at 102. Instead, the location of the container at the point at which probable cause arises is the critical determination.

---

[7] *See also Houghton*, 526 U.S. at 308 (Breyer, J., concurring) (acknowledging the limitation of the automobile exception as it pertains to containers) ("Obviously, the rule applies only to automobile searches. Equally obviously, the rule applies only to containers found within automobiles. And it does not extend to the search of a person found in that automobile.").

Because the traffic stop of Maloney's vehicle concerned the car's registration, the officer did not have probable cause to search the car at the time the traffic stop was initiated. (Accordingly, time did not "freeze" at the initiation of the traffic stop, contrary to the State's argument.) The traffic stop was then extended due to the writing of a citation for no proof of insurance, which also did not give rise to probable cause to search the vehicle. The officer also did not have probable cause to search the car when Maloney gave consent for the search—rather, he relied on her consent to search the vehicle.[8] The officer *only* had probable cause to search the vehicle once he discovered the "one-hitter." While this probable cause extended to all containers found *within* the vehicle that could contain further contraband, it did not extend to Maloney's purse because the purse was not in the automobile when probable cause arose. *See Gallegos*, 120 Idaho at 898, 821 P.2d at 953 ("The fact that the contraband was contained in a particular container is irrelevant. *The fact that the container was within an automobile controls,* and the automobile exception applies.") (italics added).

We recognize that the district court expressed concern about "absurd results" of such a holding. These concerns can be addressed by explicitly focusing on the point at which probable cause arises. Once probable cause develops such that the automobile exception applies, officers may search accordingly. *See Anderson*, 154 Idaho at 706, 302 P.3d at 331. However, unless

---

[8] The dissent reasons that "[s]ince the purse was *in* the car when consent to search the car was granted—the consent logically extended to the purse—just like any other container in the car, regardless of whether it was later removed." (Italics in original.) This characterization is logically incorrect. By removing herself *and her purse* from the car, Maloney was limiting, by her actions, the breadth of her consent to search the car and its contents. For consent to a search to be (and *remain*) voluntary, this Court has recognized the right of a person to rescind consent. *State v. Halseth*, 157 Idaho 643, 646, 339 P.3d 368, 371 (2014); *see also State v. Greub*, 162 Idaho 581, 584, 401 P.3d 581, 584 (Ct. App. 2017) ("Greub's action of attempting to remove her purse as she got out of the car was a limit to or a revocation of her previously given consent. This act clearly conveyed to the officer that while Greub consented to the search of items in the vehicle, the consent did not extend to the purse she removed from the vehicle. Removing the purse from the car necessarily excluded the purse from the scope of consent Greub had previously given because it was no longer in the car. Put differently, taking the purse out of the car was clearly inconsistent with her consent to search items in the car. A typical reasonable person would have understood that by removing her purse, Greub was either limiting or revoking her consent to search her purse."). If the State uses consent as the initial basis of the search and then the automobile exception through the development of probable cause to further this search, then the State may not exceed the consent given (here, expressly excluding the purse) and the scope of the search allowed by the development of probable cause (here, containers *in the vehicle* when probable cause developed). Despite the dissent's contention that "there is no evidence in the record that Maloney expressly objected to the search of her purse or withdrew her prior consent[,]" this is also incorrect. As noted, any consent to search her car was unequivocally limited when Maloney removed the purse, and there was no further consent sought with respect to the purse itself. The officer testified that he told Maloney he could search the purse based on what was found in the car, conceding that Maloney had not given her consent for the search of her purse. Maloney also testified she did not give consent to search the purse. That testimony was uncontradicted. Ultimately, the issue of consent as to the purse was not preserved. The State conceded below that consent was not the basis for searching the purse, *only* the automobile exception based on probable cause which developed after the purse was removed from the car.

probable cause to search a vehicle has developed *before* a container is removed from the vehicle, an officer may not rely on the automobile exception to search that container. Because the State has relied exclusively on the automobile exception to justify the search of Maloney's purse, the district court erred in denying Maloney's motion to suppress.

## IV. CONCLUSION

For the previously stated reasons, the district court's order denying Maloney's motion to suppress is reversed, and the judgment entered is vacated.

Justices BURDICK and BRODY CONCUR.

MOELLER, J., dissenting.

I respectfully dissent from the Majority's conclusion that the search of Maloney's purse was illegal. While the Majority has faithfully set forth the Fourth Amendment protections provided by the U.S. Constitution, I believe they have strayed from constitutional bedrock and wandered onto untenable footing by misapplying the Idaho Court of Appeals' decisions in *State v. Easterday*, 159 Idaho 173, 357 P.3d 1281 (Ct. App. 2015), *State v. Holt*, No. 44125, 2017 WL 3574623 (Ct. App. 2017) (unpublished),[1] and *State v. Greub*, 162 Idaho 581, 401 P.3d 581 (Ct. App. 2017), along with a handful of cases from other states.

It is undisputed that Maloney consented to the search of her vehicle. It is also uncontested that at the time she consented, her purse was on the floor of the vehicle. She then left the vehicle, taking her purse with her. When evidence of marijuana use was discovered in the vehicle, the officer informed Maloney that he intended to search her purse. Critically, there is no evidence in the record that Maloney expressly objected to the search of her purse or withdrew her prior consent. During the course of the search, methamphetamine was discovered in the purse.

Notwithstanding the straight forward nature of these events, the Majority has concluded that the search of Maloney's purse was somehow improper:

> The officer also did not have probable cause to search the car when Maloney gave consent for the search—rather, he relied on her consent to search the vehicle. The officer only had probable cause to search the vehicle once he discovered the "one-hitter." While this probable cause extended to all containers found within the vehicle that could contain further contraband, it did not extend to Maloney's purse because the purse was not in the automobile when probable cause arose.

---

[1] Concerning the majority's reliance on *Holt*, as a review of any unpublished decision online should remind us, "[i]f an opinion is not published, it may not be cited as authority or precedent in any court." Idaho Supreme Court Operating Rule 15. However, since the Majority has cited it, *Holt* will be briefly discussed in this dissent.

10

While it is true that the purse was not in the car *when probable cause arose*, it is uncontroverted that the purse was in the car *when consent was granted*. Yet, the Majority concludes that under the automobile exception, once probable cause was established, the extent of the search was limited to just the items in the car at that time. In essence, this means that once officers discovered the evidence in the car from which probable cause arose, they somehow lost the right to search any items that were removed from the car just minutes earlier. None of the authorities cited by the Majority support an interpretation of the automobile exception that limits its application only to items in the car at the moment probable cause arises.

In *Easterday*, the key factor was that the defendant's purse was in the car when a drug dog alerted on it. The Court of Appeals held:

> If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. This rule applies to all containers within a vehicle, without qualification as to ownership or the nature of the container and without a showing of individualized probable cause for each container.

*Id*., 159 Idaho at 175, 357 P.3d at 1283 (Ct. App. 2015), *citing Wyoming v. Houghton*, 526 U.S. 295, 300 (1999); *United States v. Ross*, 456 U.S. 798, 825 (1982). However, the Majority, in citing this language from *Easterday*, did not include the balance of this paragraph, which is essential in understanding the scope of the holding:

> However, occupants of a car continue to have a heightened expectation of privacy, which protects against *personal searches* without a warrant. Thus, *personal searches of vehicle occupants are not authorized under the automobile exception* as a result of the occupant's mere presence within a vehicle, which there is probable cause to search.

*Id*. (emphasis added). The emphasized language is vital because it limits the extent of the holding of *Easterday* to items on the occupant's *person*—not items in the automobile. Thus, *Easterday* does not support the proposition that a search under the automobile exception must be limited to the items physically present in the vehicle at the moment probable cause arises; it simply holds that the automobile exception only applies to items that are not on the suspect's person.

It is clear that the Court of Appeals recognized the narrowness of its holding in *Easterday*. It began its analysis by observing: "This case presents a very refined question: whether Easterday's purse was a part of her person, and therefore, not subject to search under the automobile exception to the warrant requirement." *Id*. at 176, 357 P.3d at 1284. The Court of Appeals concluded that because a purse is a "container" – and not part of the defendant's person

– it was subject to the automobile exception. *Id*. at 177, 357 P.3d at 1285. As noted by the U.S. Supreme Court, "[t]his rule applies equally to all containers, as indeed we believe it must." *Ross*, 456 U.S. at 822. Thus*, Easterday* held that a purse should be treated as any other container in the vehicle.

Similarly, in *Holt*, the Court of Appeals upheld the search of the defendant's purse after the officer ordered the defendant "to leave her purse in the vehicle." *Holt* at *3. The Court of Appeals did not address whether the subsequent search of the purse was constitutional under the automobile exception. Rather, the defendant "focus[ed] on whether her relinquishment of her purse was voluntary." *Id*. While *Holt* does cite *Easterday*, it reiterated the difference between the automobile exception and a search incident to arrest, noting once again that for purposes of the automobile exception, "it is immaterial where the container is located within the vehicle or whether the occupant exited the vehicle with the container." *Id*. at *4.

Perhaps the Idaho case most resembling the case at bar, which was not cited by the Majority, is *State v. Smith*, 152 Idaho 115, 266 P.3d 1220 (Ct. App. 2011). *Smith* was referenced at length in *Easterday*. In *Smith*, the officer observed drug paraphernalia on the front seat. He asked the defendant to exit the vehicle and to take his large, growling dog with him so a search could be safely conducted. As the defendant exited his vehicle with the dog, he also grabbed his backpack and took it with him. Upon completion of the search, the following exchange took place:

> The officer then told Smith to place the dog back into the vehicle. Smith put the dog back in the car but continued to clutch the backpack. The officer asked Smith why he was so attached to the backpack and, when Smith did not respond, the officer asked Smith to hand over the backpack. The backpack was partially open and the officer found a square object wrapped in duct tape inside. When the officer asked Smith what the object contained, Smith told the officer to open it and find out. The object contained marijuana and the officer found additional marijuana elsewhere in the backpack.

*Id*. at 117–18, 266 P.3d at 1222–23.

The Court of Appeals went on to rule that the search of the backpack was justified as a search incident to arrest. *Id*. at 120, 266 P.3d at 1225. However, it did not stop there. The Court of Appeals next addressed whether the issue would be decided the same way under the automobile exception: "We note that the search of Smith's backpack was also justified by another exception to the warrant requirement. The automobile exception to the warrant requirement authorizes a warrantless search of a vehicle when there is probable cause to believe

12

the vehicle contains contraband or evidence of criminal activity." *Id.*, *citing Ross*, 456 U.S. at 824. The court then explained how *Ross* would apply to an item removed from the vehicle by the suspect:

> If probable cause justifies the search of a lawfully-stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *The scope of a warrantless search of an automobile is not defined by the nature of the container in which the contraband is secreted.* Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found.

*Id.*, *citing Ross*, 456 U.S. at 823-25 (emphasis added).

It is worth noting that unlike in *Easterday*, *Holt*, *Smith*, or *Ross*, the search of Maloney's vehicle was consensual, so probable cause was not even necessary to search the purse. Although I recognize that some decisions of the Court of Appeals may have held otherwise,[2] I disagree with the notion that consent to search a container in a vehicle (in this case a purse) can be impliedly revoked by merely removing it from the vehicle during a stop. Since the purse was *in* the car when consent to search the car was granted, the consent logically extended to the purse—just like any other container in the car—regardless of whether it was later removed. However, under the facts of this case, consent is not the determinative issue. Here, the search of the purse took place after probable cause was established. Therefore, Maloney's alleged revocation of her consent is of no consequence since consent was no longer necessary. To hold otherwise would be tantamount to saying that a suspect, having initially consented to a search of her vehicle, can effectively limit the scope of a later search based on probable cause by simply removing contraband from the vehicle. There is no controlling legal authority for such a position.

In a footnote, the majority relies on another Court of Appeals decision, *State v. Greub,* 162 Idaho 581, 401 P.3d 581, for the proposition that "[f]or consent to a search to be (and remain) voluntary, this Court is bound to honor the right of a person to define the scope of that consent." Even assuming, *arguendo*, that *Greub* was correctly decided, it does not address the automobile exception—it was decided solely on whether the defendant revoked consent to the search of her purse. The Court of Appeals concluded that "Greub's action of attempting to remove her purse as she got out of the car was a limit to or a revocation of her previously given

---

[2] We have previously recognized that while decisions of the Idaho Court of Appeals carry considerable persuasive authority, they are not binding on this Court. *State v. Clinton*, 155 Idaho 271, 272, 311 P.3d 283, 284 (2013) ("If, in an appeal to this Court, a party relies upon the reasoning in an opinion of the Court of Appeals, we may agree with or reject that reasoning, …").

consent." *Id*. at 162 Idaho at 587, 401 P.3d at 587. Unlike the case at hand, there was no probable cause justifying the search of the purse at the time it was searched.[3]

Inasmuch as *Easterday* held that a purse was like any other container, there is no reason why Maloney's purse should become immune from search once probable cause was established merely because she removed it from the car after consenting to the search. It is unnecessary to look to other jurisdictions for guidance when prior decisions of the U.S. Supreme Court and the Idaho appellate courts have already held that purses, like other containers, are not shielded from search when the search is based on probable cause.

Although the State has focused its analysis on the automobile exception in this appeal, it must be acknowledged that the district court below considered both consent and the automobile exception in making its decision. For example, in its bench ruling the district court noted:

> I find that *Officer Gumeson did obtain consent to search the vehicle* from the defendant. *At the time that consent was given, Ms. Maloney was in the car. Her purse was in the car, on the floorboard. Ms. Maloney's purse was not attached to her person. Rather, it was in the car itself, on the floor.*
>
> I do find that Ms. Maloney left the vehicle with her purse.
> …
> I find that *the finding of the marijuana pipe behind the – behind the passenger seat in the vehicle did create probable cause to continue to search the car despite any consent that may have been given.*
> …
> And as I indicated earlier, the purse was in the car at the time the stop was made. I understand the defendant's argument here with respect to a temporal relationship being drawn with respect to when probable cause is discovered and objects in the vehicle; however, *I think it's thoroughly reasonable and the Court does find that objects that were in the car at the time of the lawful stop are certainly subject to the vehicle exception rule whether or not the defendant exited the car with those items or whether or not those items remain in the car.*
>
> I do find that the purse was – a purse, as described in the testimony, is a container in which further drugs may be found, and so that a search of the purse was – was reasonable after the marijuana pipe had been found in the car.

---

[3] Much of the Court of Appeal's analysis in *Greub* focused on *State v. Newsom*, 132 Idaho 698, 699, 979 P.2d 100, 101 (1998), where the Idaho Supreme Court rejected an officer's attempt to justify the search of a passenger's purse as a search incident to the arrest of the driver. This Court concluded in *Newsome* that the search incident to arrest exception set forth by the United States Supreme Court in *New York v. Belton*, 453 U.S. 454 (1981), was inapplicable under these facts. *Newsom*, 132 Idaho at 700, 979 P.2d at 102. In so holding, the Court noted that the scope of its ruling was narrow: "[b]ecause the trial court focused only on the implications of *Belton*, we do not address any other basis upon which the evidence might be admissible." *Id*.

(Emphasis added). Thus, even if the district court's analysis of the consent issue was incorrect, the district court's statement that it was also considering probable cause "despite any consent that may have been given" clearly indicates that its discussion of the probable cause to search the purse pursuant to the automobile exception was an alternate basis for its ruling.

Accordingly, I would affirm the district court and conclude that the search of the purse was lawful because the automobile exception does not have a temporal element that makes it only applicable to items in the vehicle the moment probable cause arises. Items an officer observes being removed from the car prior to the establishment of probable cause should be included in the exception. The Majority opinion unnecessarily creates a loophole in the automobile exception that is big enough—frankly—to drive an automobile through. As the district court reasonably concluded, such a rule "would necessarily result in absurd results where defendants are bailing out [of] the car and grabbing everything they can to take with them … prior to a search and then claiming that those items were on their person prior to … probable cause being determined." In sum, I believe we should not create a perverse incentive for suspects to insulate contraband from a valid search merely by the act of removing it from the car.

Chief Justice BEVAN CONCURS.