**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47489**

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　Plaintiff-Respondent,<br><br>v.<br><br>SHAYNA L. SCHNAKENBURG,<br><br>　　　Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed:  August 13, 2021**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Javier Gabiola, District Judge.

Order denying motion to suppress, <u>reversed</u>; judgment of conviction for possession of a controlled substance methamphetamine, <u>vacated</u>; and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; R. Jonathan Shirts, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Shayna L. Schnakenburg appeals from her judgment of conviction for possession of a controlled substance, methamphetamine.  Schnakenburg alleges the district court erred in denying her motion to suppress because the search of her purse was conducted without a warrant, probable cause, or an exception to the warrant requirement.  Because Schnakenburg's purse was not in the car when probable cause to search the car arose, Officer Bowman's search of the purse could not be supported by the automobile exception to the warrant requirement.  Accordingly, the district court erred in denying Schnakenburg's motion to suppress.  The order denying motion to suppress is reversed; the judgment of conviction is vacated; and the case is remanded for proceedings consistent with this opinion.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

While on patrol, Officer Bowman observed a driver pull her car to the curb without signaling. Officer Bowman called the car's license plate number into dispatch and learned the car's registration was expired. Officer Bowman initiated a traffic stop and observed that Schnakenburg, the driver, had exited the car and started walking north. Schnakenburg had her purse with her at the time. Officer Bowman addressed Schnakenburg and asked her to return to the area by her car. Schnakenburg complied. As Schnakenburg went back to her car, Officer Eborn arrived at the scene to render assistance.

Officer Bowman and Schnakenburg spoke outside of Schnakenburg's car. Officer Bowman informed Schnakenburg that he initiated the traffic stop because of her failure to signal and expired registration. Upon Officer Bowman's request for her driver's license, Schnakenburg admitted that she did not have a license. Officer Bowman obtained Schnakenburg's information and performed a warrant and status check; Schnakenburg did not have any outstanding warrants, but her driver's license had been suspended.

At that time, Officer Eborn requested a canine unit to respond to the scene. Officer Jones and his drug dog, Jaco, responded and performed a drug-dog sniff of the car while Officer Bowman filled out citations. Schnakenburg remained outside the car. Jaco entered Schnakenburg's car through the open passenger door and positively alerted. Officer Bowman found no contraband during his subsequent search of the car. Because Schnakenburg's purse had been in the car before Schnakenburg exited with it, Officer Bowman searched the purse. Officer Bowman found drug paraphernalia in Schnakenburg's purse, and a subsequent test of residue on the paraphernalia returned a presumptive positive result for the presence of heroin. Schnakenburg was arrested. Upon arrival at the jail, an officer discovered a glass pipe with suspected methamphetamine residue and a small baggie containing suspected heroin on Schnakenburg's person. Subsequent tests returned presumptive positive results and Schnakenburg was arrested and charged with felony possession of a controlled substance, heroin, and possession of a controlled substance, methamphetamine. Pursuant to Idaho Code § 37-2739, the State sought a subsequent offense enhancement penalty.

Schnakenburg filed a motion to suppress all the evidence. In part, Schnakenburg argued all evidence seized should be suppressed because Officer Bowman searched her purse without a

warrant, probable cause, or an exception to the warrant requirement that would justify the search. The district court held a suppression hearing and found Schnakenburg's purse was a container in the car and, thus, following a positive drug-dog alert, it was subject to search pursuant to the automobile exception to the warrant requirement. Accordingly, the district court denied Schnakenburg's motion to suppress.

Pursuant to a plea agreement, the State dismissed the charge of possession of a controlled substance, heroin, and the sentencing enhancement and agreed to recommend no more than a period of retained jurisdiction. Schnakenburg entered a conditional guilty plea to the remaining charge of possession of a controlled substance, methamphetamine, reserving the right to appeal the district court's denial of her motion to suppress. The district court sentenced Schnakenburg to a unified term of five years, with two years determinate, and retained jurisdiction. Schnakenburg timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Schnakenburg acknowledges that pursuant to the automobile exception, Jaco's positive alert gave the officers probable cause to search every part of her car, including all containers within it. However, Schnakenburg argues that the probable cause did not extend to the search of her purse because a search of her purse constituted a search of her person and she was outside of her car, with her purse, for the entirety of the traffic stop. Thus, Schnakenburg argues the district court impermissibly expanded the scope of the automobile exception by applying it under these

3

circumstances. In response, the State asserts that the district court correctly concluded the automobile exception applied.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* One such exception is the automobile exception, under which police officers may search an automobile when they have probable cause to believe that the automobile contains contraband or evidence of a crime. *Carroll v. United States*, 267 U.S. 132, 153 (1925); *State v. Gallegos*, 120 Idaho 893-94, 898, 821 P.2d 949, 952-53 (1991). "Probable cause is a flexible, common-sense standard," *State v. Gibson*, 141 Idaho 277, 281, 108 P.3d 424, 428 (Ct. App. 2005), and, as such, a practical, nontechnical probability that incriminating evidence is present is all that is required. *Texas v. Brown*, 460 U.S. 730, 742 (1983).

"If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *State v. Easterday*, 159 Idaho 173, 175, 357 P.3d 1281, 1283 (Ct. App. 2015). "This rule applies to all containers within a vehicle, without qualification as to ownership or the nature of the container and without a showing of individualized probable cause for each container." *Id.* However, the scope of the search is limited to the places where officers have probable cause to believe evidence is contained. *State v. Maloney*, ___ Idaho___, ___, 489 P.3d 847, 852 (2021).

At the time the district court denied Schnakenburg's motion to suppress, Idaho appellate courts had not decided whether the automobile exception applies to allow a search of containers removed from a vehicle before the development of probable cause. However in the intervening period, the Idaho Supreme Court has addressed this issue. In *Maloney*, an officer stopped the car Maloney was driving after determining that the registration was expired. *Id.* at ___, 489 P.3d at 849. During this traffic stop, Maloney consented to a search of her car and exited, taking her purse with her. *Id.*

In a bag inside the car, the officer found a wallet, containing Maloney's ex-husband's identification and a marijuana pipe. *Id.* at ___, 489 P.3d at 850. Because the officer believed the pipe belonged to Maloney's ex-husband, he decided not to charge Maloney with possession

4

of marijuana or paraphernalia. *Id.* However, based on the discovery of the marijuana pipe, the officer told Maloney that he could now search her purse. *Id.* Inside Maloney's purse, the officer found two pipes containing white crystal residue, and Maloney was arrested and charged with possession of a controlled substance, methamphetamine. *Id.* Maloney filed a motion to suppress the evidence found in her purse. *Id.* Maloney argued that the pipes containing the methamphetamine had been discovered during a warrantless search of her purse, which was not in the car when the marijuana pipe was discovered, and that there was no exception to the warrant requirement to render the search reasonable. *Id.* The district court found the automobile exception applied to the search of Maloney's purse and accordingly, denied her motion to suppress. *Id.* at ___, 489 P.3d at 851.

On appeal, the Idaho Supreme Court found the district court erred. The Court held that the location of the container at the time the officer develops probable cause is dispositive as to whether the automobile exception applies; for the exception to apply to a search of a container, the container must have been inside the car at the time probable cause arose. *Id.* at ___, 489 P.3d at 855. Thus, while the discovery of the marijuana pipe inside of Maloney's car gave the officer probable cause to search all containers within the car that could contain further contraband, it did not extend to Maloney's purse because the purse was not in the car when probable cause arose. *Id.* As such, the Court held "unless probable cause to search a vehicle has developed *before* a container is removed from the vehicle, an officer may not rely on the automobile exception to search that container." *Id.*

*Maloney* controls the outcome in this case. Here, the initial stop of Schnakenburg concerned an expired registration, and upon further questioning, Officer Bowman discovered that Schnakenburg did not have a current driver's license. Neither of these circumstances provided Officer Bowman with probable cause to search Schnakenburg's car. *See id.* at ___, 489 P.3d at 854 (holding expired registration and no proof of insurance did not provide probable cause to search car). While Officer Bowman was writing citations, Jaco performed a drug-dog sniff and positively alerted. Pursuant to the automobile exception, this provided Officer Bowman with probable cause to search Schnakenburg's car, and all containers inside that could contain further evidence of contraband. However, this probable cause did not extend to Schnakenburg's purse because the purse was not inside the car when Jaco positively alerted. In fact, unlike *Maloney*, Schnakenburg's purse was not even in the car when Officer Bowman

5

initiated the stop. Accordingly, the automobile exception did not provide justification to search Schnakenburg's purse. Because the district court relied exclusively on the automobile exception to justify the search of Schnakenburg's purse, the court erred in denying her motion to suppress.

Schnakenburg further argues that because the search of the purse was illegal, all subsequently discovered evidence must be excluded as "fruit of the poisonous tree." The State makes no argument on this issue. Without the evidence found in Schnakenburg's purse, there is no evidence providing probable cause for her arrest. Because it was the arrest that gave rise to the evidence discovered on Schnakenburg's person at the jail, the evidence from the jail must also be excluded as "fruit of the poisonous tree." *See Wong Sun v. United States*, 371 U.S. 471, 488 (1963).

## IV.
## CONCLUSION

Because Schnakenburg's purse was not in the car when probable cause to search the car arose, the search of the purse could not be justified by the automobile exception. Accordingly, the district court erred in denying Schnakenburg's motion to suppress. The order denying the motion to suppress is reversed; the judgment of conviction is vacated; and the case is remanded to the district court for further proceedings consistent with this opinion.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.