**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52179**

| | |
|---|---|
| STATE OF IDAHO,<br><br>     Plaintiff-Respondent,<br><br>v.<br><br>CAROL LYNN PENAGOS,<br><br>     Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

) **Filed:  May 13, 2026**

) **Melanie Gagnepain, Clerk**

) **THIS IS AN UNPUBLISHED**
) **OPINION AND SHALL NOT**
) **BE CITED AS AUTHORITY**

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County.  Hon. Ned C. Williamson, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Neil Paterson, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Chief Judge

Carol Lynn Penagos appeals from her judgment of conviction for possession of a controlled substance.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Penagos was a passenger in a vehicle her husband was driving when an officer stopped the vehicle with the purpose of arresting Penagos' husband for a prior criminal incident involving drug trafficking.  During the stop, officers observed drug paraphernalia in the vehicle's ashtray.  Based on this discovery, Penagos was detained.  Following the stop, the vehicle was towed and impounded.  The vehicle was searched, including a search of Penagos' personal belongings inside the vehicle.  Multiple illegal substances were found during the search of Penagos' personal belongings.

1

The State charged Penagos with two counts of felony possession of a controlled substance and one count of misdemeanor possession of a controlled substance. Penagos filed a motion to suppress the evidence of the illegal substances on various grounds. Neither party called witnesses at the motion to suppress hearing.[1] The district court denied the motion, concluding the search was reasonable under the automobile exception to the warrant requirement. Pursuant to a plea agreement, Penagos pled guilty to one count of felony possession of a controlled substance (Idaho Code § 37-2732(c)(1)), and the remaining charges were dismissed. Penagos appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. Generally, when a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). However, because this Court is presented with the same evidence that was before the district court, this Court's role on appeal is to "freely review the evidence and weigh the evidence in the same manner as the trial court would do." *State v. Andersen*, 164 Idaho 309, 312, 429 P.3d 850, 853 (2018).

## III.

## ANALYSIS

Penagos argues the district court erred in denying her motion to suppress, asserting that the search of the vehicle was not justified under the automobile exception. Penagos further asserts that the Fourth Amendment to the United States Constitution and Article I, Section 17 of the Idaho Constitution should offer heightened protection to the automobile exception. Finally, Penagos argues that the State had ample time to secure a search warrant, and therefore the automobile exception was inapplicable. The State contends the automobile exception to the warrant requirement was justified because there was probable cause to stop and subsequently search the

---

[1] The district court took judicial notice of the following at Penagos' motion to suppress hearing: the transcript of one responding officer's testimony from Penagos' husband's motion to suppress hearing; the transcript of the preliminary hearing in Penagos' husband's case; and the transcript of the preliminary hearing in Penagos' case.

vehicle. The State further argues that no heightened protection should be afforded to Penagos as that argument is refuted by both Idaho and United States Supreme Court precedent. The State maintains the automobile exception allowed officers to search the vehicle and that the exception was valid even after the vehicle was towed. We hold that Penagos has failed to show the district court erred in denying her motion to suppress.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* One well-recognized exception to the warrant requirement is the automobile exception. *State v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991). In determining whether a search is authorized pursuant to the automobile exception, the question is whether there is probable cause to believe the automobile contains contraband. *Carroll v. United States*, 267 U.S. 132, 155-56 (1925). Probable cause is established when the totality of the circumstances known to the officer at the time of the search would give rise--in the mind of a reasonable person--to a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Anderson*, 154 Idaho 703, 706, 302 P.3d 328, 331 (2012). Probable cause is a flexible, common-sense standard. A practical, nontechnical probability that incriminating evidence is present is all that is required. *Texas v. Brown*, 460 U.S. 730, 742 (1983); *State v. Johnson*, 152 Idaho 56, 61, 266 P.3d 1161, 1166 (Ct. App. 2011).

The automobile exception applies even if the vehicle is secured and there are no exigent circumstances other than the vehicle's mobility. *Maryland v. Dyson*, 527 U.S. 465, 466-67 (1999). Police officers with probable cause to search a vehicle at a scene can constitutionally do so later at the station house without first obtaining a warrant. *Texas v. White*, 423 U.S. 67, 68 (1975) (per curiam).

On appeal, "mindful" of the decisions in *Dyson* and *State v. Fletcher*, ___ Idaho ___, 571 P.3d 444 (2025), Penagos argues the automobile exception does not apply because no exigent circumstances were present to justify the warrantless search. Penagos further argues her rights were violated under the Fourth Amendment to the United States Constitution and Article I,

3

Section 17 of the Idaho Constitution and that this Court should impose a heightened standard for the automobile exception that would require an exigent circumstance beyond a vehicle's mobility. Penagos maintains that, because neither she nor her husband were within reaching distance of any part of the vehicle, no exigency existed and therefore the automobile exception could not apply. In response, the State contends the district court did not err in finding that probable cause existed for the warrantless search and that exigent circumstances were not necessary to find that the automobile exception was justified. We agree with the State that the automobile exception has no separate exigency requirement. *See Dyson*, 527 U.S. at 466-67 (holding that established precedent has made clear that probable cause is threshold for satisfying automobile exception, and nothing more is required). Moreover, the Idaho Supreme Court specifically declined to impose a heightened standard for the automobile exception under Article I, Section 17 of the Idaho Constitution. *Fletcher*, ___ Idaho at ___-___, 571 P.3d at 450-51. Much like in *Fletcher*, Penagos also fails to demonstrate sufficient Idaho-specific unique circumstances that would dictate a heightened standard. Therefore, Penagos has failed to establish that this Court should depart from existing Idaho Supreme Court precedent.

Penagos further argues the later search of the vehicle after it was towed was unlawful and not subject to the automobile exception. Penagos also maintains that the State had ample time to secure a warrant prior to the search of the vehicle. However, justification to conduct a warrantless search does not vanish once the vehicle has been immobilized. *Michigan v. Thomas*, 458 U.S. 259, 261-62 (1982) (per curiam). A vehicle lawfully in police custody may be searched later on the basis that the officers had probable cause to believe that it contains contraband, without requiring an exigent circumstance to justify such a warrantless search. *Id.* Practicality of obtaining a warrant does not control in an automobile exception analysis. *State v. Williams*, 120 Idaho 386, 389, 816 P.2d 342, 345 (1991). The State asserts that the search did not need to be contemporaneous with the stop. Further, the State contends the search was supported by probable cause, which extended to Penagos' belongings inside the vehicle at the time probable cause was found. Both parties rely on *State v. Maloney*, 168 Idaho 936, 489 P.3d 847 (2021) for the holding that the location of the container at the point at which probable cause arises is the critical determination. In *Maloney*, probable cause to search within the defendant's vehicle arose once the officer discovered drug paraphernalia after the defendant consented to a vehicle search. *Id.* at 943,

4

489 P.3d at 854. The Idaho Supreme Court held that probable cause extended to all containers found within the vehicle that could contain additional contraband but that it did not extend to the defendant's purse because it was not within the vehicle at the time probable cause arose. *Id*. Contrary to the facts in *Maloney*, Penagos' belongings were inside the vehicle at the time probable cause arose. Finally, as the Court held in *Fletcher*, the automobile exception does not require any heightened standard, and the practicality of obtaining a warrant was not controlling here. Thus, we are unpersuaded by Penagos' argument. Accordingly, Penagos has failed to show the district court erred in denying her motion to suppress.

## IV.

## CONCLUSION

Penagos has failed to show the district court erred in denying her motion to suppress because probable cause supported the search pursuant to the automobile exception. Furthermore, no heightened standard is applicable to the automobile exception to the warrant requirement under either Idaho or United States Supreme Court precedent. Accordingly, Penagos' judgment of conviction for possession of a controlled substance is affirmed.

Judge HUSKEY and Judge Pro Tem MELANSON, **CONCUR**.